ALLIED MUTUAL INSURANCE COMPANY, a Corporation; CENTRAL MUTUAL CASUALTY COMPANY, a Corporation; CO-OPERATIVE CASUALTY COMPANY, a Corporation; EQUITY MUTUAL INSURANCE COMPANY, a Corporation; GLOBE MUTUAL INSURANCE COMPANY, a Corporation, and MISSOURI CASUALTY COMPANY, a Corporation, v. WILSON BELL, Treasurer of the State of Missouri, and EDWARD L. SCHEUFLER, Superintendent of the Insurance Department of the State of Missouri, Appellants.—No. 39029.—185 S. W. (2d) 4.

Division One, February 5, 1945.

892

*Preston Estep* and *Arthur R. Thompson, Jr.,* for appellant Edward L. Scheufler, State Superintendent of Insurance; *Roy McKittrick,* Attorney General, and *Ralph C. Lashly,* Assistant Attorney General, for appellant Wilson Bell, State Treasurer.

*William H. Allen* for respondents.

■ VAN OSDOL, C.—Action for a declaratory judgment by which the plaintiffs-respondents, Mutual Insurance Companies (other than life and fire) organized under the laws of Missouri, sought to have Section 5968, R. S. 1939, Mo. R. S. A., sec. 5968, declared un-

constitutional, and to declare that plaintiffs were not indebted to defendants nor to the State of Missouri for the tax in the section provided. The trial court found for plaintiffs, declaring the bill introduced in enacting the Section 5968, supra, was so amended in its passage through the House of Representatives as to change the bill's original purpose in violation of Section 25, Article IV, Constitution of Missouri; and further, the trial court declared the title to the bill "was imperfect and misleading and the purpose of said Act was not clearly stated in said title, in violation of Section 28 of Article IV of the Constitution of Missouri." Defendants, Treasurer and Superintendent of the Insurance Department of Missouri, have appealed from the judgment, contending the trial court erred in its declarations and finding.

House Bill No. 281 was introduced in the House of Representatives of the 60th General Assembly February 10, 1939, being in title and body,

## "AN ACT

"To amend Section 5857, Article 7, Chapter 37, Revised Statutes of Missouri, 1929, relating to Mutual Insurance Companies Other than Life and Fire, by striking out after the word 'state' in line nine of said section the words 'deducting amounts paid for reinsurance upon which a tax has been or is to be paid to this state, and.'

"Be it enacted by the General Assembly of the State of Missouri, as follows:

"Section 1. That Section 5857, Article 7, Chapter 37, Revised Statutes of Missouri, 1929, relating to Mutual Insurance Companies other than Life and Fire, be and the same is hereby amended by striking out after the word 'state' in line nine of said section the words 'deducting amounts paid for reinsurance upon which a tax has been or is to be paid to this state, and,' so that said section as amended shall read as follows:

"Section 5857. The taxable premiums or premium receipts of any mutual insurance company organized in or admitted to this state under this article for the purpose of taxation under any law of this state shall be gross premiums received for direct insurance upon property or risks in this state, deducting premiums upon policies not taken, premiums returned on cancelled policies, and any refund or return made to policy-holders other than for losses."

The bill was referred to the Committee on Revision, and on April 20, 1939, Committee Substitute for House Bill No. 281 was reported and recommended for passage by that Committee. The substitute bill was passed by the House of Representatives May 1, 1939, and by the Senate June 23, 1939 (Journal of the House, 60th General Assembly, Vol. II, p. 1116; and Journal of the Senate, 60th General Assembly, Vol. II, p. 2122), in the form of title and body as the Committee had recommended,

"AN ACT

"To repeal an Act of the Fifty-fifth General Assembly appearing in the Session Laws of 1929, at pages 234 and 235, and as Section 5857 of the Revised Statutes of Missouri for 1929, relating to the taxation of premium receipts of mutual [6] insurance companies organized in or admitted to this State, and to enact a new Section in lieu thereof and relating to the same subject, and providing that this Bill contains, and is a revision bill within the meaning of Section 41, Article IV, of the Constitution of Missouri.

"Be it enacted by the General Assembly of the State of Missouri, as follows:

"Section 1. That an Act of the Fifty-fifth General Assembly of Missouri appearing in the Session Laws of 1929 at pages 234 and 235 and being Section 5857 of the Revised Statutes of Missouri for the year 1929, relating to the taxation of premium receipts of mutual insurance companies organized in or admitted to this state, be and the same is hereby repealed and a new Section relating to the same subject is hereby enacted in lieu thereof, to be known as Section 5857, and to read as follows:

"Section 5857. Every mutual insurance company or association organized or admitted to Missouri under the provisions of this Article, shall annually pay to the State Treasurer a tax upon the direct premiums received, whether in cash or in notes, in this State, for the insurance of property or risks in this State at the rate of two per cent per annum; provided, that such companies or associations shall be credited with cancelled or return premiums actually paid during the year in this state.

"Section 2. By reason of the necessity of revising the laws of this State relative to the taxation of premium receipts of mutual insurance companies organized in this State, and this bill being a revision bill, the General Assembly hereby determines this Bill to be a Revision Bill within the meaning of Section 41, Article IV of the Constitution of Missouri." See now Laws of Missouri, 1939, pp. 456-7; and Section 5968, R. S. 1939, Mo. R. S. A., sec. 5968.

No member of either house objected nor was there a written protest noted upon the journal of either house (that any substitution, omission or insertion had occurred or that any particular clause of Article IV, Constitution of Missouri, had been violated in the bill's passage) when the considered and passed Committee Substitute for House Bill No. 281 was presented to the presiding officers of the House of Representatives and the Senate for signature. Journal of the House, 60th General Assembly, Vol. II, p. 1808; and Journal of the Senate, 60th General Assembly, Vol. II, pp. 2232-3.

The question of the constitutionality of Section 5968, R. S. 1939, tested by the provisions of Section 25, Article IV, Constitution of Missouri, is dependent upon whether the House Bill No. 281 was

896

"so amended in its passage through either house as to change its original purpose." This purpose means the general purpose of the bill, not the mere details through which and by which that purpose is manifested and effectuated. State ex rel. McCaffery v. Mason, 155 Mo. 486, 55 S. W. 636.

■ Section 5857, R. S. 1929, which the House Bill No. 281 recited "is hereby amended," authorized .the deducting of "amounts paid for reinsurance upon which a tax has been or is to be paid in this State . . ." from the gross premiums received which the section defined· as taxable premiums or premium receipts of mutual insurance companies organized in or admitted to this state under Article 7, Chapter 37, R. S. 1929. The only effect of House Bill No. 281, had it been passed as originally introduced, would have been to eliminate the deduction of premiums paid for reinsurance authorized under Section 5857, supra, and it would seem that the effect of the bill as introduced should have some weight in determining its general purpose. The purpose of a bill to eliminate the deductions of premiums paid for reinsurance from a statute defining taxable premiums or premium receipts for the purpose of taxation under any law of this state seems different from the effect of a law (Section 5968, R. S. 1939) providing a tax upon taxable premiums or premium receipts, although the law providing the tax contained no provision for deductions of premiums paid for reinsurance.

But we must make every reasonable intendment to sustain the constitutionality of a statute.

We shall look further into the law existing prior to the enactment of Section 5968, and shall further examine legislative journals as may have bearing on our question.

Except under the provisions of Section 5968, as enacted by the 60th General Assembly, 1939, the constitutionality of which section is challenged in the case at bar, it seems that the legislature had not provided a tax upon premium receipts of mutual insurance companies organized under the laws of Missouri. Insurance companies organized under the laws of Missouri, including ■ mutual insurance companies other than life and fire, have been subjected to an *ad valorem* tax. See Section 5978, R. S. 1929, Mo. R. S. A., sec. 5978; and Section 6090, R. S. 1939, Mo. R. S. A., sec. 6090. And the 61st General Assembly (1941) repealed Section 5968, R S. 1939, and enacted three new sections in lieu thereof (see Laws of Missouri, 1941, pp. 399-401; particularly the new Section 5968 at page 400), the effect of the new Section 5968, enacted in 1941, being to make provision for a premium tax upon those mutual insurance companies or associations organized under the laws of other states admitted in Missouri under the provisions of Article 7, Chapter 37, R. S. 1939. Thus it is seen that the tax provided in Section 5968 enacted in 1939, in its application to domestic mutual insurance companies other than life and fire was

eliminated in 1941, at the legislature's earliest assembly after the passage of the section (and the questions presented in the case at bar are moot, except in their relation to the validity of Section 5968 as enacted in 1939 and prior to its repeal in 1941).

Provision had been made for the taxation of insurance companies, including mutual insurance companies other than life and fire, organized under the laws of other states by Section 5979, R. S. 1929 (repealed and a new section enacted in lieu thereof by the 56th General Assembly; see Laws of Missouri, 1931, p. 242), in which section (and in the new section enacted in 1931) it was provided that the premium tax to be paid shall be credited with premiums on reinsurance with companies authorized and licensed to transact business in Missouri. And the credit so provided was also eliminated by the 60th General Assembly. See Laws of Missouri, 1939, p. 463; now Section 6094, R. S. 1939, Mo. R. S. A., sec. 6094.

It is further noticed that the Governor, when he returned (to the Secretary of State, the 60th General Assembly having finally adjourned) the considered and passed Committee Substitute for House Bill No. 281 with his approval, stated in his message under date of July 7, 1939,

"The existing statute repealed by Committee Substitute for House Bill No. 281 permits a deduction of premiums paid for reinsurance provided that the tax on premiums paid for reinsurance is paid to the state by the company reinsuring.

"This language providing for reinsurance in the existing statute, it is thought, might produce in its operation, a conflict with a recent decision of the Federal Supreme Court, which held that if the reinsurance contract was made and the premiums paid outside the state levying the tax, then in such event, the Fourteenth Amendment to our Federal Constitution denies to the taxing state the power to regulate the property and activities of foreign corporations beyond the boundaries of the taxing state.

"Committee Substitute for House Bill No. 281 repeals the existing statute and enacts a new statute, omitting the provisions relative to reinsurance." Messages from the Governor, Supplement, Journal of the House, 60th General Assembly, Vol. II, pp. 1856-7.

Observe that the Governor did not recognize in his message that Committee Substitute for House Bill No. 281 had the effect of levying a tax upon the premiums of mutual insurance companies. With reference to a possible "conflict with a recent decision of the Federal Supreme Court," mentioned in the Governor's message, supra, see the case of Connecticut General Life Ins. Co. v. Johnson, 303 U. S. 77, 58 S. Ct. 436, decided by the United States Supreme Court January 31, 1938.

It is urged by defendants-appellants that Section 25, Article IV, Constitution of Missouri, must be considered in connection with Section 37, Article IV of the Constitution and, inasmuch as no member of either house interposed an objection and no protest was noted (when Committee Substitute for House Bill No. 281 was signed by the presiding officers of the respective houses) in relation to any substitution, omission or insertion, "or that any particular clause" of Article IV of the Constitution had been violated, it must needs follow that in contemplation of law no unwarranted amendment (violation of Section 25, Article IV, supra) occurred during the passage of the bill. Defendants have language of this court in support of their contention. "In addition to that, section 25 must be considered in connection with section 37 aforesaid, and inasmuch as no protest was offered based on the prohibition of section 25 in relation to substitution, omission or insertion, which are but other forms of amendment, it must needs follow that in contemplation of law no unwarranted substitution, etc., occurred pending the passage of the bill." State ex rel. McCaffery ■ v. Mason, supra, 155 Mo. at page 503.

Now it should not be said that this court would have reached a different result in deciding the question of the constitutionality of the bill involved in that case if, in considering Section 25, supra, in connection with Section 37, supra, the court had viewed the failure of the members of the legislature to make an objection or note a protest to be persuasive (not conclusive) of the nonviolation of Section 25. The language of the court which we have quoted supra must be limited in its application to those provisions of Article IV, Constitution of Missouri, setting forth the formulae incident to the passage of a bill, which are directory only. Examine State ex rel. Aull v. Field, 119 Mo. 593, 24 S. W. 752; and State ex rel. Attorney General v. Mead, 71 Mo. 266.

Surely the framers of the Constitution of Missouri did not contemplate that this court could not declare a statute unconstitutional as violative of Section 25, although no member of the legislature had made objection and no protest had been noted that the clause had been violated, if the review of a case clearly disclosed that an amendment had effected a change in the bill's original purpose. Were such the effect of Section 25 when considered in connection with Section 37 (the members of the legislature having lost sight of a bill's original purpose and consequently having failed to enter an objection or to note a protest to a change in a bill's original purpose) the people could be victimized by unintended or illy considered legislation from which there could be no relief, or no prompt relief, afforded.

The makers of the Constitution of 1875, wherein Sections 25 and 37, Article IV, first appeared, stated, "To afford security against hasty legislation and guard against the possibility of bills becoming laws, which have not been fairly and considerately passed upon, wholesome

restrictions are thrown around the law makers and greater particularity required in the enactment of laws than heretofore.'' Address to Accompany the Constitution, Vol. II, Journal (Loeb-Shoemaker), Missouri Constitutional Convention of 1875, p. 878.

The failure to make an objection or to note a written protest to the change in the purpose of House Bill No. 281 in the case at bar is held persuasive only in indicating the legislators believed the bill as considered and passed did not make a change in existing law, except that change which the bill would have effected as originally introduced.

Defendants also cite the case of State ex rel. Aull v. Field, supra. That case is not helpful to us. In that case the Senate amended the title to a bill which had been considered and passed by the House of Representatives. ''No amendment was made save in the title. . . . There is no parliamentary law nor any provision of the constitution requiring that an act shall retain the same title through all its stages in both houses. The title, though performing a most important function, is still not strictly a part of the act proper.'' 119 Mo. at pages 608-9. Pertaining to the history of the development of the import of the title of a legislative act, examine Vol. I, Cooley's Constitutional Limitations, 8th Ed., pp. 291-2.

In view of the law existing at the time of the enactment of Section 5968, R. S. 1939, Mo. R. S. A., sec. 5968 (and since its repeal); the provision of the House Bill No. 281 as originally introduced; and the entries in the legislative journals we have noticed; we hold it is clear that the original purpose of the bill was to eliminate deductions of premiums paid for reinsurance, and that the amendment of the bill in its passage through the house was a change in the bill's original purpose violative of Section 25, Article IV, Constitution of Missouri.

It is unnecessary to review the assignment of error in the trial court's declaration of the unconstitutionality of Section 5968, supra, as violative of Section 28, Article IV, Constitution of Missouri; and it is directed that the judgment of the trial court be modified to declare the section unconstitutional as violative only of Section 25, Article IV, Constitution of Missouri. The trial court's declaratory judgment is in other respects affirmed.

It is so ordered. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.