**WESTIN CROWN PLAZA HOTEL COMPANY, Claridge Manor Co., Ltd., and Arrowhead Properties, Inc., Appellants,**

v.

**Richard KING, Director of Revenue, Barrett Toan, Director of Social Services, Dr. Robert Hotchkins, Director of Health, John D. Ashcroft, Attorney General, State of Missouri, Respondents.**

**No. 65166.**

Supreme Court of Missouri,
En Banc.

Feb. 15, 1984.

**4**

Robert L. Hyder, Jefferson City, for appellants.

John Ashcroft, Atty. Gen., William E. Cornwell, Asst. Atty. Gen., Jefferson City, for respondents.

BILLINGS, Judge.

Action for declaratory judgment by which plaintiffs, Westin Crown Plaza Hotel Company, Claridge Manor Co., Ltd., and Arrowhead Properties, Inc., sought to have Senate Bill 575 enacted by the 81st General Assembly declared unconstitutional. The trial court entered a partial judgment on the pleadings and declared that Senate Bill 575 does not violate Article X, Sections 16–24, of the Missouri Constitution (the Hancock Amendment). Defendants then requested and the trial court granted a second motion for judgment on the pleadings and declared that Senate Bill 575 does not violate Article III, Section 21 or 23 of the Missouri Constitution. Plaintiffs appealed the judgment with respect to the Article III allegations and we retained jurisdiction because the validity of a state statute is contested. Mo. Const. art. V, § 3. We affirm.

Plaintiffs are hotel owner-operators and claim Senate Bill 575 directly affected them by increasing the license fees charged for hotels generally and plaintiffs in particular. The license fee is paid to the state Director of Revenue and upon such payment a license is issued by the director of the Division of Health.

Plaintiffs' first attack against Senate Bill 575 complains that contrary to Section 21, Article III of the Constitution of Missouri, the bill was "so amended in its passage through either house as to change its original purpose." [1] Their second contention is that Senate Bill 575 violates the prohibition of Section 23, Article III of the Constitution of Missouri that "[n]o bill shall contain more than one subject which shall be clearly expressed in its title." [2]

The title to Senate Bill No. 575, as originally introduced into the Senate of the 81st General Assembly stated as follows:

An Act to repeal sections 193.190 and 193.320, RSMo 1978, *relating to fees and compensation of state and local registrars of vital statistics,* and to enact in lieu thereof two new sections relating to the same subject. (emphasis added).

The first reading was given to the bill on January 6, 1982 and the bill was perfected with the same title and passed by the Senate on the third reading February 25, 1982.

On March 1, 1982 the first reading was had in the House of Representatives, and on March 18, 1982 said bill was reported as a House Committee substitute with the following title:

An Act to repeal sections 193.190, 193.320, 197.050, 197.210, 315.050, and 315.270, RSMo 1978, and section 640.100, RSMo Supp.1981, *relating to certain fees related to the division of health,* and to enact in lieu thereof eight new sections relating to the same subject. (emphasis added).

The bill as truly agreed to and finally passed on April 22, 1982 contained the same title last quoted.

The changes in the bill's title reflect substantive changes made to the bill itself as it passed through the legislative chambers. As originally introduced, Senate Bill 575 repealed sections 193.190 and 193.320 [3] and enacted in lieu thereof two new sections similarly numbered relating to the same subjects. Section 193.190 concerns state registrar fees charged for copies and searches of birth, death, legitimation and adoption certificates. Section 193.320 concerns compensation of local registrars for returning birth, death and stillbirth certifi-

---

1. Mo. Const.1945 art. III, § 21. This limitation is identical to Mo. Const.1875, art. IV § 25. The Constitutions of 1865 and 1820 contained no similar provision.

2. Mo. Const.1945 art. III, § 23. This limitation is the same in substance as Mo. Const.1875, art. IV, § 28, and Mo. Const.1865, art. IV, § 32. The Constitution of 1820 contained no similar provision.

3. All references are to RSMo 1978 unless otherwise indicated.

cates to the state. Senate Bill 575 as originally introduced merely increased the fee and compensation rates for state and local registrars set forth in sections 193.190 and 193.320.

As eventually enacted, Senate Bill 575 repealed seven sections and enacted in lieu thereof eight new sections. This metamorphosis was the result of additions made to the bill as it passed through the House chambers. In addition to the original two sections contained in the bill as first passed by the Senate (§§ 193.190 and 193.320), the bill in its final form included: § 192.050, newly creating a handling charge for test performed in Division of Health laboratories; § 197.050, increasing the license fee for hospitals; § 197.210, increasing the license fee for ambulatory surgical centers; § 325.050, increasing the license fee for hotels; § 315.270, increasing the annual fee for conducting a motel or resort; and § 640.100, establishing laboratory fees for testing drinking water furnished to the public.

Plaintiffs note that the title to Senate Bill 575 as originally introduced and passed by the Senate reflected the fact that the bill concerned only two sections contained in Chapter 193, Vital Statistics. The title declared the bill an act "relating to fees and compensation of state and local registrars of vital statistics". Plaintiffs further point out the bill in its final form included sections found in Chapter 192, Division of Health, Chapter 197, Medical Treatment Facility Licenses, Chapter 315, Hotel and Tourist Camp Regulations and Chapter 640, Department of Natural Resources. Plaintiffs complain that none of the four chapters relate to the fees and compensation of state and local registrars of vital statistics and conclude that these provisions of the bill have a purpose different from the original purpose of the bill (i.e., increasing fees for registrars of vital statistics). Further, plaintiffs also argue that these latter provisions concern subjects other than those originally in the Senate bill and as a result the final bill contains more than one subject. Finally, the plaintiffs contend that the result of the foregoing is that the sub-

ject[s] of the bill is not clearly contained in its title.

We begin our analysis of plaintiffs' points by recalling several principles of constitutional interpretation. A statute has a presumption of constitutionality. *State v. Newlon,* 627 S.W.2d 606, 611 (Mo. banc), *cert. denied,* 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982). The party challenging the constitutionality of a statute must plead facts in support of the attack, *City of St. Louis v. Butler Co.,* 358 Mo. 1221, 219 S.W.2d 372 (banc 1949), and the burden of proof is on the party attacking the statute. *Atkins v. Department of Building Regulations,* 596 S.W.2d 426, 434 (Mo.1980). Finally, we note that we are to resolve all doubt in favor of the act's validity, *State ex rel. McClellan v. Godfrey,* 519 S.W.2d 4, 8 (Mo. banc 1975), and in so doing we are allowed to make every reasonable intendment to sustain the constitutionality of the statute. *Allied Mutual Insurance Co. v. Bell,* 353 Mo. 891, 185 S.W.2d 4, 6 (1945).

We have on several occasions been confronted with the task of examining legislative enactments in light of the constitutional limitations contained in Article III, Section 21 and 23. *See e.g., Lincoln Credit Co. v. Peach,* 636 S.W.2d 31 (Mo. banc 1982), *appeal dismissed,* —— U.S. ——, 103 S.Ct. 711, 74 L.Ed.2d 942 (1983); *State ex rel. Toedebusch Transfer, Inc. v. Public Service Commission,* 520 S.W.2d 38 (Mo. banc 1975). The purpose of these constitutional limitations is to prevent surprise or fraud upon legislators and to fairly appraise the public of the pending legislation's subject matter. *State v. Ludwig,* 322 S.W.2d 841, 847 (Mo. banc 1959), *citing,* 1 Cooley, Constitutional Limitations, 314 (1927).

In considering the claim that Senate Bill 575 violates Article III, Section 21, it is necessary to compare the purpose of the original Senate Bill 575 and of Senate Bill 575 as actually passed. "[P]urpose means the general purpose of the bill, not the mere details through which that purpose is manifested and effectuated." *State ex rel. McCaffery v. Mason,* 155 Mo. 486, 55 S.W.

636, 640, *aff'd,* 179 U.S. 328, 21 S.Ct. 125, 45 L.Ed. 214 (1900). "[T]he restriction is against the introduction of matter 'not germane to the object of legislation or unrelated to its original subject,' alterations which bring about an extension or limitation of the scope of a bill are not prohibited, even new matter is not excluded, if germane." *State v. Ludwig,* 322 S.W.2d at 847.[4]

■ The original title to Senate Bill 575 stated it was an act "relating to fees and compensation of state and local registrars of vital statistics." However, we have previously held that "the title of an act, 'through performing a most important function, is still not strictly a part of the act proper.'" *Lincoln Credit Co. v. Peach,* 636 S.W.2d at 38. The title, not being part of the bill, can be changed without violating art. III, § 21. *Id.* Furthermore, in *Lincoln Credit* we recognized that it may be appropriate for the legislature to change the title of a bill as it proceeds through the legislature to more accurately reflect the real scope of the subject matter in the bill. *Id.* We cannot surmise that the original title of Senate Bill 575 was reflective of a desire to restrict the bill's original purpose to matters concerning state and local registrars. It is more compelling to reason that the bill's title was changed to more accurately reflect a broader purpose which the original bill was intended to accomplish. We find it reasonable to conclude that the original purpose of the bill was to change various fees charged by the Division of Health. The subsequent changes in the bill's title reflect the addition of several new sections in the bill designed to accomplish the original purpose of the bill, i.e., increase various fees charged by the Division of Health through its subdivisions. Thus, these later amendments merely changed the details through which the original purpose was to be manifested and effectuated. The additions, therefore, were not unconstitutional.

The trial court's finding that Mo. Const. art. III, § 21, was not violated must be sustained.

We also reject plaintiffs' contention that Senate Bill 575 violates Mo. Const. art. III, § 23, which provides that "[n]o bill shall contain more than one subject which shall be clearly expressed in its title." It is important to note that we have previously held that "this constitutional provision should be liberally construed." *State v. Williams,* 652 S.W.2d 102, 108 (Mo. banc 1983).

■ First, plaintiffs claim that Senate Bill 575 contains more than one subject. In light of our previous discussion this point need not detain us long. The test to determine if the title of a bill contains more than one subject is whether all provisions of the bill fairly relate to the same subject, have natural connection therewith or are incidents or means to accomplish its purpose. *State ex rel. Williams v. Marsh,* 626 S.W.2d 223, 228 (Mo. banc 1982). The subject of Senate Bill 575 is various fees charged by the Division of Health and its subdivisions. This is only one subject. Although the statutes amended by Senate Bill 575 contained matters beyond strictly fees, the only changes made by the bill are the changes in the fee structures found in the statutes. Thus, all the provisions of Senate Bill 575 have a natural connection with and are incidental to accomplishing this single purpose.

■ Finally, we address plaintiffs' last contention, that the subject matter of Senate Bill 575 was not clearly expressed in its title. The title to a bill need only indicate the general contents of the act. *State ex rel. Wagner v. St. Louis County Port Authority,* 604 S.W.2d 592, 601 (Mo. banc 1980). We find that Senate Bill 575 meets this test.

Plaintiffs particularly complain that it is not possible to determine the application of some of the sections in the bill's title except by reference to existing statutes. Their argument is apparently that no bill should contain sections from more than one chap-

---

**4.** *See also,* 158 A.L.R. 421 (1945) (construction and application of constitutional provision against changing purpose of bill during passage).

ter, unless the subject of each chapter is expressed in the title to the bill.

In *State v. Williams,* 652 S.W.2d 102 (Mo. banc 1983), we upheld the validity of a bill entitled: "An Act to repeal sections 545.-885, 558.016, 558.026, 565.012, 566.030 and 566.060 RSMo 1978, and to enact in lieu thereof twelve new sections relating to sexual assaults and the prevention of such assaults, with penalty provisions." *Id.* at 108. In *Williams* the bill's title referred to sections found in four different chapters, yet we found its title constitutional in that it was clear to the reader that all sections fell within the broad descriptive category of "Crimes and Punishment." *Id.* And so it is with the present bill. It is clear from the title of Senate Bill 575 that it amends various sections all within the broad category of "fees related to the Division of Health."

The judgment is affirmed.

RENDLEN, C.J., and HIGGINS, GUNN, BLACKMAR and DONNELLY, JJ., concur.

WELLIVER, J., dissents in separate opinion filed.

WELLIVER, Judge, dissenting.

I respectfully dissent. Sections 21 and 23, art. III of the Missouri Constitution are substantive constitutional constraints which the people of this state have placed on the process whereby the General Assembly enacts laws. Accordingly, they warrant strict enforcement by this Court. The principal opinion upholds Senate Bill 575 with the aid of unwarranted presumptions of validity and a deferential standard of review. I know of nothing in constitutional adjudication that permits us to indulge in presumptions of statutory validity in derogation of the plain and unequivocal terms of the Constitution.

Sections 21 and 23 promise to remain neutered under the approach taken by the principal opinion. That this approach involves a legal sophistry under the guise of judicial review is demonstrated by the fact that, so far as I can determine, this Court has not sustained a challenge under these provisions during the past two decades. I believe our duty to enforce the Constitution of this state demands that we use more rigorous standards when we review legislation challenged under §§ 21 and 23. I would examine legislation challenged under § 21 to determine whether amendments to a bill have a reasonably close nexus to the *stated* purpose of the bill as introduced. When legislation is challenged under § 23, I would determine whether the title of the bill describes the contents of a bill in sufficient detail so as to give other legislators and interested parties effective notice of the proposed legislation. I believe S.B. 575 fails under these tests and, therefore, I would hold the bill invalid.

It is time this Court developed meaningful standards to evaluate legislation challenged under §§ 21 and 23. Both other legislators and the general public have a right to notice regarding laws to be enacted by the legislature. The reconsideration of these fee and license increases is a small price to pay for maintaining the integrity of and public confidence in both the legislative process and our system of judicial review.