Dear Mr. Koupal:
This opinion is in response to your questions asking:
 1. Does the use of money appropriated by the General Assembly to the Missouri Industrial Development Board's Industrial Development and Reserve Fund (the "Fund"), to make and guarantee loans to private individuals pursuant to Sections 100.281 and .286, RSMo 1986, violate the lending of credit provisions of Mo. Const. Article III, Sections 38(a) and 39?
 2. Does the use of money appropriated by the General Assembly to the Fund to make and guarantee loans to private individuals pursuant to Sections 100.281 and .286, RSMo 1986, violate the grant of public money provision of Mo. Const. Article III, Section 38(a)?
Article III, Section 38(a) of the Missouri Constitution provides:
 Section 38(a). Limitation on use of state funds and credit — exceptions — public calamity — blind pensions — old age assistance — aid to children — direct relief — adjusted compensation for veterans — rehabilitation — participation in federal aid. The general assembly shall have no power to grant public money or property, or lend or authorize the lending of public credit, to any private person, association or corporation, excepting aid in public calamity, and general laws providing for pensions for the blind, for old age assistance, for aid to dependent or crippled children or the blind, for direct relief, for adjusted compensation, bonus or rehabilitation for discharged members of the armed services of the United States who were bona fide residents of this state during their service, and for the rehabilitation of other persons. Money or property may also be received from the United States and be redistributed together with public money of this state for any public purpose designated by the United States.
Article III, Section 39(1) and (2) of the Missouri Constitution provides:
 Section 39. Limitation of power of general assembly. The general assembly shall not have power:
 (1) To give or lend or to authorize the giving or lending of the credit of the state in aid or to any person, association, municipal or other corporation;
 (2) To pledge the credit of the state for the payment of the liabilities, present or prospective, of any individual, association, municipal or other corporation;
A copy of Section 100.281, RSMo 1986, is attached hereto as Appendix I and a copy of Section 100.286, RSMo 1986, is attached hereto as Appendix II.
We understand that the recent decision of the Missouri Supreme Court in Curchin v. Missouri Industrial DevelopmentBoard, No. 68784, Missouri Supreme Court en banc, January 8, 1987, gives rise to your question. In that case, the Missouri Supreme Court held the tax credits under Section 100.297, RSMo 1986, to be unconstitutional in violation of Article III, Section 38(a) of the Missouri Constitution.
Under Section 100.297, the Missouri Industrial Development Board was authorized to include in its industrial revenue bonds a provision allowing a state tax credit for the amount of any unpaid principal and accrued interest in default. The tax credit was available to the original bondholder and all subsequent bondholders. In holding the tax credit provision unconstitutional, the court stated:
 This tax credit is as much a grant of public money or property and is as much a drain on the state's coffers as would be an outright payment by the state to the bondholder upon default. There is no difference between the state granting a tax credit and foregoing the collection of the tax and the state making an outright payment to the bondholder from revenues already collected. The tax credit authorized in § 100.297 simply shifts the risk of loss upon default from the bondholder to the state. The allowance of such a tax credit constitutes a grant of public money or property within Article III, Section 38(a) of the Missouri Constitution.
 There is also a lending of public credit, in violation of Article III, Section 38(a). The state's tax resources are effectively pledged as the ultimate security for the bonds. Curchin v. Missouri Industrial Development Board, No. 68784, Missouri Supreme Court en banc, January 8, 1987, slip opinion at page 7.
In rejecting an argument that the tax credits were designed to promote the public purpose of general economic welfare, the court stated:
 Missouri has demonstrated its encouragement of the growth and revitalization of its industries by upholding the constitutionality of industrial revenue bonds not incorporating the tax credit. Menorah Medical Center v. Health and Educ. Facilities Auth., 584 S.W.2d 73 (Mo. banc 1979); State ex rel. Jardon v. Industrial Dev. Auth. of Jasper County, 570 S.W.2d 666 (Mo. banc 1978); State ex rel. Atkinson v. Planned Indus. Expansion Auth. of St. Louis, 517 S.W.2d 36 (Mo. banc 1975). Some states have held the issuance of industrial revenue bonds to be unconstitutional. No state has upheld the constitutionality of industrial revenue bonds which provide for state tax credits upon default.
 Section 100.297 allows the Board to choose the companies which it will support with the tax credit. Providing the tax credits to only a select few companies lends itself to abuse and is analogous to the railroad grants of yesteryear, which prompted the adoption of Article III, Section 38(a) of the Missouri Constitution.
 While it is possible that the projects to be supported by the tax credit-bearing revenue bonds could have a beneficial impact on the economy of the state, the grant of public money to these businesses' bondholders is unconstitutional just as railroad grants were. Curchin v. Missouri Industrial Development Board, No. 68784, Missouri Supreme Court en banc, January 8, 1987, slip opinion at page 10.
As pointed out by the court, Missouri has encouraged the growth and revitalization of its industries by upholding the constitutionality of industrial revenue bonds not incorporating the tax credit. Industrial development has long been considered a legitimate public purpose. See State ex rel.Wagner v. St. Louis County Port Authority, 604 S.W.2d 592 (Mo. 1980; State ex rel. Jardon v. Industrial Development Authorityof Jasper County, 570 S.W.2d 666 (Mo. 1978); State ex rel.Atkinson v. Planned Industrial Expansion Authority of St.Louis, 517 S.W.2d 36 (Mo. 1975). We do not view Curchin as changing this conclusion. Curchin specifically held the tax credits under Section 100.297 to be unconstitutional. We do not interpret the decision as going beyond that holding.
Based upon our interpretation of the decision of the Missouri Supreme Court in Curchin, in our opinion, Sections100.281 and 100.286, RSMo 1986, do not violate Article III, Sections 38(a) or 39 of the Missouri Constitution. A statute has a presumption of constitutionality. Westin Crown PlazaHotel Company v. King, 664 S.W.2d 2 (Mo. banc 1984). A statute is presumed to be constitutional and will not be declared unconstitutional unless it clearly and undoubtedly violates some constitutional provision. C.L.P. v. Pate,673 S.W.2d 18 (Mo. banc 1984); State v. Hampton, 653 S.W.2d 191
(Mo. banc 1983).
Very truly yours,
 WILLIAM L. WEBSTER Attorney General