MISSOURI STATE MEDICAL
ASSOCIATION, et al.,
Appellants,

v.

MISSOURI DEPARTMENT OF
HEALTH, Respondent.

No. SC 82758.

Supreme Court of Missouri,
En Banc.

March 20, 2001.

Duane E. Schreimann, Brian K. Francka, Jefferson City, for Appellants.

Jeremiah W. (Jay) Nixon, Attorney General, James H. Klahr, Assistant Attorney General, Alana M. Barragan–Scott, Deputy State Solicitor, Daryl R. Hylton, Assistant Attorney General, Jefferson City, for Respondent.

BENTON, Judge.

The Missouri State Medical Association and three physicians ("MSMA") challenge the constitutionality of House Bill 191 enacted by the 90th General Assembly. *1999 Mo. Laws 301–13.* The circuit court denied relief. MSMA appeals. *Mo. Const. art. V, sec. 3.* Affirmed.

## I.

House Bill 191 was introduced on December 22, 1998, with the title:

**AN ACT Relating to insurance coverage for cancer early detection.**

As introduced, H.B. 191 would have enacted a new section of law requiring that health insurers cover—for a minimal co-payment—pelvic, prostate, and colorectal examinations, and other cancer screenings.

H.B. 191 was signed into law on July 13, 1999, with the title:

**AN ACT To repeal sections 191.656, 376.779 and 376.811, RSMo Supp.1998, relating to health services, and to enact in lieu thereof fifteen new sections relating to the same subject, with an expiration date for certain sections.**

*1999 Mo. Laws 301–13,* codified at *sections 191.656 to 191.657, 374.284, 376.779, 376.810 to 376.811, 376.825 to 376.840, 376.1250, 376.1400, 376.1403 RSMo 2000* [1]. In addition to mandating insurance coverage for cancer early detection, the enacted bill requires:

1. All statutory citations are to RSMo 2000.

confidentiality of HIV-related information;

insurance for mental illness and chemical dependency;

standard "explanation of benefits" by health insurers;

standard "referral" information by health insurers and providers;

standard (pre-operation) information on the advantages, disadvantages, and risks, including cancer, of breast implantation; and,

establishment of a health insurance advisory committee.

MSMA particularly objects to the provisions on breast implantation. *Subsections 1.5—1.8 of H.B. 191, 1999 Mo. Laws 312–13,* codified at *subsections 376.1250.5–376.1250.8.* MSMA contends that H.B. 191 violates the Constitution as it: was so amended during passage as to change its original purpose; contains more than one subject; and has a title that does not clearly express its subject.

## II.

■ MSMA first argues that H.B. 191 was so amended in its passage through the legislature as to change its original purpose, in violation of Article III, Section 21 of the Constitution. Emphasizing the title of introduced H.B. 191—*insurance coverage for cancer early detection*—MSMA claims a "very limited" original purpose, which does not include information about breast implantation.

■ MSMA's attempt to restrict the original purpose to the introduced title fails for several reasons. True, original purpose is measured at the time of the bill's introduction. *Stroh Brewery Co. v. State,* 954 S.W.2d 323, 326 (Mo. banc 1997). However, the Constitution does not require that the original purpose be stated anywhere, let alone in the title as introduced. Original purpose is the general

purpose, "not the mere details through which and by which that purpose is manifested and effectuated." *State ex rel. McCaffery v. Mason,* 155 Mo. 486, 55 S.W. 636, 640, *aff'd,* 179 U.S. 328, 21 S.Ct. 125, 45 L.Ed. 214 (1900). The title may be changed as a bill progresses through the legislature, without violating Article III, Section 21. *Lincoln Credit Co. v. Peach,* 636 S.W.2d 31, 38 (Mo. banc 1982). Laws enacted by the legislature and approved by the governor have a strong presumption of constitutionality. *Westin Crown Plaza Hotel Co. v. King,* 664 S.W.2d 2, 5 (Mo. banc 1984). This Court liberally interprets the procedural limitation of original purpose. *C.C. Dillon Co. v. City of Eureka,* 12 S.W.3d 322, 327 (Mo. banc 2000); *Stroh,* 954 S.W.2d at 326.

■ Section 21 prohibits amendments not germane to the original purpose. *C.C. Dillon,* 12 S.W.3d at 327; *Stroh,* 954 S.W.2d at 326. Extensions or limitations of a bill's scope—even new matter—are not categorically prohibited. *Lincoln Credit,* 636 S.W.2d at 38. "Article III, section 21 was not designed to inhibit the normal legislative processes, in which bills are combined and additions necessary to comply with the legislative intent are made." *Blue Cross Hosp. Service v. Frappier,* 681 S.W.2d 925, 929 (Mo. banc 1984). Germane amendments do not change a bill's original purpose. *State v. Ludwig,* 322 S.W.2d 841, 847 (Mo. banc 1959).

MSMA asserts that the amendments to H.B. 191 were not germane to any possible original purpose. As introduced, H.B. 191 indicated an original purpose to mandate health services for serious illnesses, including cancer. As enacted, H.B. 191 requires that physicians tell patients about the advantages, disadvantages, and risks, "including cancer," of breast implantation. *Subsections 1.5—1.8, 1999 Mo. Laws 312 13,* codified at *subsections 376.1250.5— 376.1250.8.* The original purpose logically relates to mandating pre-operation information about the risks of breast implantation, including cancer. The subsections on breast implantation are germane to the original purpose of H.B. 191.

This Court, on one occasion, invalidated a statute because its original purpose changed during the legislative process. *Allied Mutual Insurance Co. v. Bell,* 353 Mo. 891, 185 S.W.2d 4 (1945). There, the introduced bill "amended" an existing section to eliminate one of several tax deductions. *Id.* at 5. As enacted, the bill "repealed" that section, enacting a new section that created a new tax. *Id.* at 6.

In this case, the content of introduced H.B. 191 remained substantially intact throughout the legislative process as germane amendments were added. When legislation proceeds in this manner, this Court has consistently rejected "original purpose" challenges during the 125–year history of this constitutional prohibition. *C.C. Dillon,* 12 S.W.3d at 325–28; *Stroh,* 954 S.W.2d at 324–26; *Akin v. Director of Revenue,* 934 S.W.2d 295, 302 (Mo. banc 1996); *Blue Cross,* 681 S.W.2d at 928–29; *Westin,* 664 S.W.2d at 4–6; *Lincoln Credit,* 636 S.W.2d at 37–38; *Brown–Forman Distillers Corp. v. McHenry,* 566 S.W.2d 194, 195–97 (Mo. banc 1978); *State ex rel. Toedebusch Transfer, Inc. v. Public Service Comm'n,* 520 S.W.2d 38, 43–45 (Mo. banc 1975); *Ludwig,* 322 S.W.2d at 845, 847. In sum, H.B. 191's original purpose was not changed during passage in violation of Article III, Section 21.

### III.

■ MSMA claims that H.B. 191 has multiple subjects in violation of Article III, Section 23. The test is whether all provisions of H.B. 191 "fairly relate to the same subject, have a natural connection therewith or are incidents or means to accomplish its purpose." *Hammerschmidt v. Boone County,* 877 S.W.2d 98, 102 (Mo. banc 1994). The bill as enacted is the only version relevant to the single subject requirement. *C.C. Dillon,* 12 S.W.3d at 328–329. This Court looks first at the bill's title in order to determine its subject.

Carmack v. Director, Mo. Dep't of Agric., 945 S.W.2d 956, 959 (Mo. banc 1997).

As enacted, H.B. 191's title reads

AN ACT To repeal sections 191.656, 376.779 and 376.811 RSMo Supp.1998, *relating to health services,* and to enact in lieu thereof fifteen new sections relating to the same subject....

*1999 Mo. Laws 301* (emphasis added). From H.B. 191's provisions—outlined in part I above—MSMA identifies at least three different subjects—insurance, health records, and pre-operation information on breast implantation.

MSMA fails to show "clearly and undoubtedly" that H.B. 191 has multiple subjects. *Hammerschmidt,* 877 S.W.2d at 102. Health insurance, medical records, and standard information are (at least) incidents or means to health services. H.B. 191 has but one subject, in compliance with Article III, Section 23.

### IV.

MSMA argues that H.B. 191 violates the additional requirement in Section 23 that its subject "shall be clearly expressed in its title...."

"The 'clear title' provision ... was designed to prevent fraudulent, misleading, and improper legislation, by providing that the title should indicate in a general way the kind of legislation that was being enacted." *Fust v. Attorney General,* 947 S.W.2d 424, 429 (Mo. banc 1997). The title may omit particular details of the bill, so long as neither the legislature nor the public is misled. *Lincoln Credit,* 636 S.W.2d at 39. A bill's multiple and diverse topics, absent specific itemization, can only be clearly expressed by their commonality—by stating some broad umbrella category that includes all the topics within its cover. *National Solid Waste Mgmt. Ass'n v. Director of Dep't of Natural Res.,* 964 S.W.2d 818, 821 (Mo. banc 1998). The bill as enacted is the only version relevant to the clear title requirement. *C.C. Dillon,* 12 S.W.3d at 329.

A title may be constitutionally unclear in two ways: the subject may be too broad and amorphous, *or* so restrictive and underinclusive that some provisions fall outside it. *Fust,* 947 S.W.2d at 428. As indicated in part III above, the title *health services* passes the second test as it includes all the provisions of H.B. 191.

Regarding the first test, MSMA contends that *health services* is so broad and amorphous that it fails to give notice of the bill's content. The textbook example of a broad and amorphous title is *certain incorporated and non-incorporated entities,* which could define most, if not all, legislation passed by the General Assembly. *St. Louis Health Care Network v. State,* 968 S.W.2d 145, 148 (Mo. banc 1998). Here, *health services* is not broad and amorphous, because it does not describe most, if not all, legislation enacted.

This Court observed that *economic development* is too broad and amorphous where it includes "any activity that indirectly promotes or protects portions of the Missouri economy," because nearly every activity the state undertakes falls within this meaning. *Carmack,* 945 S.W.2d at 960. Here, *health services* does not include nearly every activity the state undertakes.

MSMA concludes that *health services* "could relate to nearly any subject" and is thus too broad and amorphous. This Court rejected a similar attack on the subject of *environmental control. Corvera Abatement Tech. v. Air Conservation Comm'n,* 973 S.W.2d 851, 861–62 (Mo. banc 1998). This Court construes bill titles in their plain and ordinary sense, not in a strained and unnatural meaning. *Id.* at 862. If alternative readings exist, this Court chooses the reading that is constitutional. *Stroh,* 954 S.W.2d at 326.

The title clearly expresses the subject of H.B. 191. There is no Article III, Section 23 "clear title" violation.

### V.

The judgment of the trial court is affirmed.

PRICE, C.J., LIMBAUGH, WHITE, HOLSTEIN and WOLFF, JJ., concur.

LAURA DENVIR STITH, J., not participating.