

# SUPREME COURT OF MISSOURI
## en banc

ALFRED J. (A.J.) GIUDICY,      )

     )

     Appellant,      )

     )

v.      )      No. SC99249

     )

MERCY HOSPITALS EAST      )

COMMUNITIES F/K/A ST. JOHN'S      )

MERCY MEDICAL CENTER, and      )

MICHAEL J. CHEHVAL, M.D.,      )

     )

     Respondents.      )

*Opinion issued June 14, 2022*

### APPEAL FROM THE CIRCUIT COURT OF ST. LOUIS COUNTY
### The Honorable Ellen H. Ribaudo, Judge

Alfred J. (A.J.) Giudicy appeals the circuit court's judgment dismissing his medical malpractice case without prejudice for failure to file an affidavit of merit within 180 days pursuant to section 538.225.[1] Giudicy argues section 538.225 violates multiple provisions of the Missouri Constitution. He also contends the defense of failure to file an affidavit of merit was waived and that he substantially complied with the statute. This Court rejects those arguments and affirms the circuit court's judgment.

---

[1] All statutory references are to RSMo 2016, unless otherwise specified.

## Background

Giudicy was born February 5, 1997, at Mercy Hospitals East Communities f/k/a St. John's Mercy Medical Center ("Mercy Hospital") with a rare congenital condition known as epispadias and associated bladder exstrophy. Between his birth and May 1999, Giudicy underwent four surgeries related to the conditions. The surgeries were performed by Michael J. Chehval, M.D., at Mercy Hospital.

In January 2014, Giudicy, through his next friend and mother, sued Mercy Hospital and Dr. Chehval (collectively, the "medical providers"). The lawsuit alleged the treatment rendered by the medical providers was negligent in several respects and resulted in significant injuries and damages. In February 2014, pursuant to section 538.225, Giudicy filed two affidavits of merit, one related to Mercy Hospital and one related to Dr. Chehval. In each affidavit, Giudicy's counsel averred he had obtained a written opinion from a legally qualified health care provider, Moneer K. Hanna, M.D., that the medical provider at issue failed to use such care as a reasonably prudent and careful health care provider would have used under similar circumstances and that such failure caused or directly contributed to cause damage to Giudicy. Discovery proceeded, including depositions of Dr. Hanna. An October 2018 discovery and scheduling order set the cause for trial during the week of May 28, 2019. On May 24, 2019, Giudicy voluntarily dismissed the action without prejudice.

On January 27, 2020, Giudicy filed a second action, raising the same allegations against the medical providers. Dr. Chehval filed his answer on April 27, 2020. Mercy Hospital filed its answer the following day. Dr. Chehval pleaded that he "intends to rely

2

upon and obtain the benefits of provisions of R.S.Mo. Chapter 538, including but not limited to Section[s] 538.205, 538.210, 538.215, 538.220, 538.225, 538.230 and/or 538.235 as each may pertain to this cause of action, including a cap on non-economic damages." Mercy Hospital's answer stated, "For further answer and defense, Defendant intends to rely on the rights and benefits of R.S.Mo. chapters 537 and 538 including, but not limited, Sections 537.060, 537.067, 538.205, 538.210, 538.215, 538.220, 538.225, 538.228, 538.229, 538.232, 538.235, 538.300, and 538.305, as each may pertain to this cause of action."

On August 12, 2020—198 days after filing the petition—Giudicy filed a motion for leave to file the affidavits of merit. He attached affidavits, which again listed Dr. Hanna as the legally qualified health care provider who provided the opinion. Giudicy stated, "Good cause exists to enlarge the time stated in the statute, and it is within the Court's inherent powers to grant leave to file." He also attacked the constitutional validity of section 538.225.

On September 1, 2020, Dr. Chehval filed a motion to dismiss for Giudicy's failure to file the affidavits of merit within the statutorily required 180-day timeframe. Mercy Hospital joined the motion on October 7, 2020. Giudicy countered that the medical providers waived the affidavit-of-merit defense. The circuit court conducted a hearing on the motions after receiving memoranda in support of the parties' positions. It overruled the motion for leave to file the affidavits of merit and dismissed the case without prejudice pursuant to section 538.225.

Giudicy filed a motion to reconsider, vacate, or set aside the order and judgment of the circuit court. Alternatively, Giudicy sought clarification about whether the circuit court had considered and overruled his motion for relief under Rule 44.01(b), the rule permitting a court to enlarge the period of time for taking an act under certain circumstances. The circuit court overruled the motion and declined to analyze how it would rule pursuant to Rule 44.01(b), finding it did not apply.

Giudicy appeals.[2]

## Standard of Review

When a circuit court sustains a motion to dismiss, this Court employs *de novo* review. *Lang v. Goldsworthy*, 470 S.W.3d 748, 750 (Mo. banc 2015). Challenges to a statute's constitutional validity are also subject to *de novo* review. *Id.*

## Analysis

Giudicy raises six points, arguing the circuit court erred in sustaining the motions to dismiss and in overruling his motions for leave to file the affidavits of merits and post-judgment motions because (1) the court applied a statute governing procedure instead of following Rule 44.01, in violation of the constitutional grant of power for this Court to establish procedural rules; (2) section 538.225 violates the separation of powers between the legislative and judicial branches of government; (3) House Bill No. 393 ("HB 393"), which was enacted in 2005 and amended section 538.225, violates the constitutional requirement that bills have a clear title and contain no more than a single subject; (4) section

---

[2] Because this case involves the constitutional validity of section 538.225, this Court has appellate jurisdiction pursuant to article V, section 3 of the Missouri Constitution.

538.225 is impermissibly retrospective in application; (5) the medical providers waived the defense of failure to file the affidavits of merit; and (6) he substantially complied with section 538.225 because, except for the late filing, the affidavits complied with the statute.

The affidavit in section 538.225 is generally known as an affidavit of merit. *Hink v. Helfrich*, 545 S.W.3d 335, 337 (Mo. banc 2018). Section 538.225.1 provides,

> In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

Prior to the 2005 legislation, the circuit court was permitted to dismiss the action if the affidavit of merit was not filed within 90 days. Section 538.225.5, RSMo 2000 ("If the plaintiff or his attorney fails to file such affidavit the court *may*, upon motion of any party, dismiss the action against such moving party without prejudice." (emphasis added)). Section 538.225 did not have a maximum time limit for filing the affidavit of merit prior to the 2005 amendment. Section 538.225.4, RSMo 2000 ("Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended.").

The current iteration of section 538.225 arises from HB 393, enacted in 2005. Section 538.225.5 sets forth a timeframe in which the affidavit of merit must be filed, stating it "shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to

5

exceed an additional ninety days." "If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice." Section 538.225.6.

Section 538.225 serves "to cull at an early stage of litigation suits for negligence damages against health care providers that lack even color of merit" and "protect the public and litigants from the cost of ungrounded medical malpractice claims." *Mahoney v. Doerhoff Surgical Servs., Inc.*, 807 S.W.2d 503, 507 (Mo. banc 1991). It also prevents a plaintiff from threatening a medical provider with a groundless claim in order to force a settlement in lieu of the high cost of defense otherwise required. *Id.* at 508.

## I. Constitutional Claims

### A. Inconsistency with Supreme Court's Power to Establish Procedural Rules

Giudicy contends the circuit court erred because it applied a statute governing procedure instead of following Rule 44.01. The circuit court adhered to the 180-day deadline in section 538.225.5. According to Giudicy, Rule 44.01(b) would have permitted the court to extend the deadline by which the affidavit of merit needed to be filed. He claims the circuit court's application of a statute governing procedure, instead of following Rule 44.01, violated article V, section 5 of the Missouri Constitution, which provides, in relevant part, "The supreme court may establish rules relating to practice, procedure and pleading for all courts and administrative tribunals, which shall have the force and effect of law."

Rule 44.01(b) provides, in full:

*When by these rules or by a notice given thereunder or by order of court* an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon notice and motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under rules 52.13, 72.01, 73.01, 75.01, 78.04, 81.04, 81.07, and 84.035 or for commencing civil action.

(Emphasis added). By its plain language, Rule 44.01(b) is inapplicable to the deadline established by section 538.225. Rule 44.01(b) permits a court to extend a deadline either before or after the deadline has passed. That discretion, however, is limited to deadlines established (1) "by these rules," (2) "by a notice given thereunder," or (3) "by order of court." Rule 44.01(b). The statutory deadline established by section 538.225.5 does not fall within any of these categories. Because Rule 44.01(b), by its plain language, does not authorize the circuit court to grant an extension to the deadline set in section 538.225.5, the circuit court did not err in failing to apply Rule 44.01(b).

## B. Separation of Powers

Giudicy claims section 538.225 violates article II, section 1 of the Missouri Constitution because the legislature improperly instructs the court how to rule on a procedural motion. Article II, section 1 provides for separation of powers among the legislative, executive, and judicial departments. Giudicy argues section 538.225.6's mandate that "the court shall, upon motion of any party, dismiss the action" impermissibly invades the province of the judiciary. This Court has rejected a similar challenge before

7

and now reaffirms that section 538.225 does not violate the separation of powers principle, despite the mandatory dismissal language. *See Hink*, 545 S.W.3d at 340.

## C. Retrospectivity

Giudicy's allegation that section 538.225 violates article I, section 13 of the Missouri Constitution, which prohibits enactment of a law retrospective in its operation, also fails. Article I, section 13 does not apply to purely procedural statutes. *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 769 (Mo. banc 2007). Section 538.225, despite its mandatory dismissal language, remains procedural. *White v. Tariq*, 299 S.W.3d 1, 4 (Mo. App. 2009) ("The mandatory dismissal provision added to Section 538.225 does not affect the rights or duties giving rise to [a plaintiff's] malpractice action, but rather sets forth the pre-trial procedure for cases whe[n] the plaintiff fails to timely file a sufficient health care affidavit."). Giudicy's substantive right to recover went unchanged as long as he complied with the procedure.

## D. Clear Title and Single Subject

Giudicy contends HB 393, which amended section 538.225, violates article III, section 23 of the Missouri Constitution in that it has no clear title and exceeds a single subject in scope. Article III, section 23 provides, as relevant here, "No bill shall contain more than one subject which shall be clearly expressed in its title …." As enacted, HB 393 was titled "AN ACT [t]o repeal sections 355.176, 408.040, 490.715, 508.010, 508.040, 508.070, 508.120, 510.263, 510.340, 516.105, 537.035, 537.067, 537.090, 538.205, 538.210, 538.220, 538.225, 538.230, and 538.300, RSMo, and to enact in lieu thereof twenty-three new sections relating to claims for damages and the payment thereof."

Giudicy submits HB 393 violates the single-subject requirement because the various sections and chapters reached by the bill address multiple, disparate areas across various statutory titles. But "Missouri law long has recognized that the test for whether a bill addresses a single subject is *not* how the provisions relate to each other, but whether the provisions are germane to the general subject of the bill." *Mo. Coal. for Env't v. State*, 593 S.W.3d 534, 541 (Mo. banc 2020). "The test for whether a bill violates the single subject rule is whether the bill's provisions fairly relate to, have a natural connection with, or are a means to accomplish the subject of the bill as expressed in the title." *Fox v. State*, 640 S.W.3d 744, 756 (Mo. banc 2022) (internal quotation omitted). Here, the subject of the bill purports to cover "sections relating to claims for damages and the payment thereof." As Giudicy accurately recounts, the bill changes the law regarding, among other things, service, venue, interest on damages, admissible evidence, discovery, joint and several liability, privilege, and immunity for certain public health care providers. Although these changes may not necessarily relate to each other, each is relevant to the subject of claims for damages and the payment of those claims. HB 393 contains a single subject.

Giudicy alleges the title of HB 393 is so broad and amorphous in scope that it fails to give notice of its content. "The 'clear title' provision … was designed to prevent fraudulent, misleading, and improper legislation, by providing that the title should indicate in a general way the kind of legislation that was being enacted." *Fust v. Att'y Gen. for the Mo.*, 947 S.W.2d 424, 429 (Mo. banc 1997). A clear title challenge will fail if the bill's title indicates generally what constitutes the act. *Fox*, 640 S.W.3d at 756. "The only cases where this Court has found a title to be too broad and amorphous are those in which the

title could describe the majority of all the legislation that the General Assembly passes." *State v. Salter*, 250 S.W.3d 705, 709 (Mo. banc 2008).

Giudicy relies on *National Solid Waste Management Ass'n v. Director of the Department of Natural Resources*, 964 S.W.2d 818 (Mo. banc 1998), as support. In that case, this Court found the bill's title, "relating to solid waste management," to be unclear given that the bill also covered hazardous waste management, a subject distinct from solid waste management. *Id.* at 821-22. The determinative factor in that case was that the clear title requirement mandates "that the title to a bill cannot be underinclusive." *Id.* at 821. Under-inclusiveness runs contrary to the thrust of Giudicy's argument.

"[F]or bills that have 'multiple and diverse topics' within a single, overarching subject, that subject may be 'clearly expressed by ... stating some broad umbrella category that includes all the topics within its cover.'" *Jackson Cnty. Sports Complex Auth. v. State*, 226 S.W.3d 156, 161 (Mo. banc 2007) (second alteration in original) (quoting *Mo. State Med. Ass'n v. Mo. Dep't of Health*, 39 S.W.3d 837, 841 (Mo. banc 2001)). The reference to "relating to claims for damages and the payment thereof" is a sufficient umbrella category. This description encompasses the content of the bill without being so broad that it would mislead as to the bill's coverage. HB 393's single subject is adequately conveyed by its title.

### II. Waiver

Giudicy argues the medical providers waived the defense of failure to file the affidavits of merit. First, Giudicy posits lack of a section 538.225 affidavit is an affirmative defense that must be raised. Second, he maintains the medical providers' answers failed

10

to raise the affirmative defense with the specificity required by Rule 55.08. The medical providers contend section 538.225 is not an affirmative defense; alternatively, they assert it was pleaded properly.

Rule 55.08 requires "all applicable affirmative defenses" to be raised in response to a preceding pleading. The text of the rule sets out a nonexclusive list of those defenses. *Id.* "An 'affirmative defense' is a procedural tool 'that allows the defendant to defeat or avoid the plaintiff's cause of action and avers that even if the allegations of the petition are taken as true, the plaintiff cannot prevail because there are additional facts that permit the defendant to avoid the legal responsibility alleged.'" *Dieser v. St. Anthony's Med. Ctr.*, 498 S.W.3d 419, 428 (Mo. banc 2016) (quoting *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012)). Rule 55.08 further details the manner in which the defense must be raised, noting "[a] pleading that sets forth an affirmative defense … shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense."

No Missouri caselaw establishes section 538.225 as an affirmative defense.[3] The operation of section 538.225.5 counsels against it being classified as an affirmative defense that must be pleaded in the answer. That section requires, absent an additional 90-day extension, the affidavit of merit "be filed no later than ninety days after the filing of the petition." Section 538.225.5. Generally, a defendant's answer must be filed within 30 days after the service of the summons and petition. Rule 55.25(a). Assuming early service

---

[3] Contrary to Giudicy's assertion, *Burns v. Elk River Ambulance, Inc.*, 55 S.W.3d 466 (Mo. App. 2001), does not suggest a failure to file an affidavit of merit is an affirmative defense. That case merely held the statute does not indicate a timely filed affidavit is a condition precedent to the court acquiring jurisdiction over the case. *Id.* at 473-74.

11

of the summons, the affidavit of merit would often not need to be filed before the answer was due.

Of course, the plain text of section 538.225 permits the action to be dismissed without prejudice if the affidavit of merit is not filed. That occurs "upon [the] motion of any party." Section 538.225.6. No timeframe for raising the lack of the affidavit of merit is enumerated in the statute. The court of appeals has gone so far as to sanction raising the failure to file the affidavit of merit "at any time on any type of motion." *Thomas v. Miller*, 447 S.W.3d 667, 671 (Mo. App. 2014). Even if the medical providers' bare reference to section 538.225 in what they denominated as an affirmative defense in their answer was insufficient to plead an affirmative defense, this Court finds section 538.225 is not an affirmative defense that can be waived if not pleaded in an answer.[4] The medical providers followed the procedure set forth in the statute, and that suffices.

---

[4] Giudicy cites cases holding a defense is waived if not raised in the answer, but in those cases, the defendant would have been aware of the defect at the time the action was filed. *See Robinson v. City of Kan. City*, 451 S.W.3d 315, 318-19 (Mo. App. 2014) (collecting caselaw holding failure to provide notice under a statute requiring notice be provided within 90 days of sustaining damage is an affirmative defense that must be raised); *Reynolds v. Carter Cnty.*, 323 S.W.3d 447, 452 (Mo. App. 2010) (noting statute of limitations can be waived). In that context, waiver of the defense not raised in the answer is appropriate.

"[I]f a matter is not jurisdictional but rather is a procedural matter required by statute or rule or an affirmative defense of the sort listed in Rule 55.08, then it generally may be waived if not raised timely." *McCracken v. Wal-Mart Stores E., LP*, 298 S.W.3d 473, 476 (Mo. banc 2009). The unique operation of section 538.225, which grants the plaintiff the ability to file the affidavit of merit up to 180 days after filing the petition, causes this Court to conclude this procedural matter required by the statute is not waived if not raised in the answer. Whether a point in litigation exists at which reliance on the failure to file an affidavit of merit would be untimely is not the subject of this appeal.

### III. Substantial Compliance

Giudicy alleges the circuit court erred by not finding he substantially complied with section 538.225. The medical providers counter filing the affidavits of merit outside of the 180-day timeframe required by the statute is more than a mere technical violation.

As recognized in *Mayes v. Saint Luke's Hospital of Kansas City*, 430 S.W.3d 260, 271 (Mo. banc 2014), caselaw suggests substantial compliance cannot satisfy section 538.225. In *Mayes*, plaintiffs filed affidavits of merit in a lawsuit that was voluntarily dismissed without prejudice. *Id.* at 264. The plaintiffs filed a second case but did not file any affidavits of merit. *Id.* After the circuit court dismissed the case pursuant to section 538.225, the plaintiffs, on appeal, argued they substantially complied with the statute due to filing the affidavits in the previous case. *Id.* at 270. This Court held that, even if it were to conclude section 538.225 allows for substantial compliance, there was no substantial compliance in a case in which no affidavit of merit was filed in the circuit court. *Id.* at 272.

In *Ferder v. Scott*, 556 S.W.3d 100 (Mo. App. 2018), the court of appeals addressed whether substantial compliance occurred when a plaintiff filed a single affidavit of merit for multiple defendants. Although the statute plainly requires a separate affidavit for each defendant, the court of appeals determined the single affidavit filed in that case, which named the doctor and the doctor's employer together, substantially complied. *Id.* at 104. The court of appeals distinguished *Mayes*, noting this Court did not foreclose substantial compliance with section 538.225 and limited its holding "to the most fundamental of the statute's requirements, namely the actual filing of an affidavit." *Id.* at 103. The court noted the affidavit of merit complied in every way with the requirements of section 538.225,

13

except it named multiple defendants, including that it "*was filed within the time allotted*, it stated the name, address and qualifications of the health care provider and it contained his opinion." *Id.* at 104 (emphasis added).

Assuming *Ferder*'s application of the doctrine of substantial compliance to section 538.225 is appropriate, this Court holds Giudicy did not substantially comply with section 538.225. Section 538.225.5 requires the affidavit to be filed within 90 days after the filing of the petition. It permits the court to extend the time period "not to exceed an additional ninety days." *Id.* This creates a total timeframe of 180 days within which the legislature requires the affidavit of merit to be filed. This Court has held the purpose of section 538.225 is to eliminate frivolous medical malpractice suits early in the process. *See, e.g.*, *Mahoney*, 807 S.W.2d at 508 (noting "the affidavit section prescribes a procedure in the early stage of suit to detect that frivolousness"). Allowing substantial compliance by permitting a plaintiff to file outside the legislature's designated timeframe would infringe on the very purpose of the statute. Substantial compliance did not occur.

## Conclusion

Section 538.225 is not constitutionally invalid under any of the theories Giudicy proffered. The medical providers did not waive their ability to file a motion to dismiss for failure to file the affidavit of merit within 180 days. To the extent substantial compliance with section 538.225 is possible, Giudicy failed to substantially comply. The circuit court's judgment is affirmed.

_____
Robin Ransom, Judge

All concur.