ST. LOUIS HEALTH CARE NETWORK, et al., Respondents,

v.

STATE of Missouri, et al., Appellants.

No. 80168.

Supreme Court of Missouri, En Banc.

May 26, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen King Mitchell, Mark E. Long, Asst. Attys. Gen., Jefferson City, for appellants.

David M. Harris, Jane Eilermann Dueker, Dawn Morville Johnson, St. Louis, for respondents.

COVINGTON, Judge.

In 1996, the Missouri General Assembly adopted House Substitute for Senate Bill 768 (HSSB 768) entitled "An Act To repeal sections 355.176, 355.331, 402.215 and 473.657, RSMo 1994, relating to certain incorporated and non-incorporated entities, and to enact in lieu thereof eleven new sections relating to the same subject." St. Louis Health Care Network, St. John's Health System, Inc., and St. John's Regional Health Center (SLHCN) filed a declaratory judgment action to have HSSB 768 declared unconstitutional. SLHCN alleged that HSSB 768 violates article III, section 21, and article III, section 23 of the Missouri Constitution. The trial court sustained SLHCN's motion for summary judgment. The judgment is affirmed.

On January 11, 1996, Senate Bill 768, the predecessor of HSSB 768, was introduced and first read. Senate Bill 768 was entitled "An Act To repeal sections 402.215 and 473.657, RSMo 1994, relating to Missouri family trust, and to enact three new sections relating to the same subject." The Missouri Family Trust is a legislatively created government instrumentality that allows individuals to contribute money to supplement government aid to physically and mentally handicapped individuals. Sec. 402.199.[1] The provisions of Senate Bill 768 authorized courts to establish a Missouri Family Trust Fund account for certain persons, authorized probate distributions to the Missouri Family Trust Fund, added to the list of authorized donors to the trust, and changed certain rules regarding the operation of the trust.

Senate Bill 768 remained unchanged until the last day of the legislative session, May 17, 1996. On that day, a House Substitute for Senate Bill 768, HSSB 768, was offered. As amended, HSSB 768 contains the original provisions in Senate Bill 768 as well as a number of new provisions. One new provision in HSSB 768 repeals the limitation on venue for suing nonprofit corporations. Another provision changes the maximum term of office for directors of nonprofit corporations. A third provision requires notice for charitable gift annuities issued by certain tax exempt entities. The final provision added by HSSB 768 prohibits same sex marriages. The title of HSSB 768 is "An Act To repeal sections 355.176, 355.331, 402.215 and 473.657, RSMo 1994, relating to certain incorporated and non-incorporated entities, and to enact in lieu thereof eleven new sections relating to the same subject."

The same day HSSB 768 was offered, it was adopted by the House and passed by the Senate. On July 3, 1996, HSSB 768 was signed into law. On August 28, 1996, SLHCN filed a declaratory judgment action seeking a declaration that HSSB 768 is unconstitutional. SLHCN alleged that HSSB 768 violates the Missouri Constitution in that HSSB 768 had been so amended as to change its original purpose, in violation of article III, section 21, in that HSSB 768 has more than one subject, in violation of article III, section 23, and in that the subject of HSSB 768 is not clearly expressed in its title, in violation

---

**1.** All references to statutes are to RSMo 1994 unless indicated otherwise.

of article III, section 23. SLHCN alleged that it was adversely affected by the provision in HSSB 768 that amends section 355.176 by repealing the limitation on venue for suits against nonprofit corporations and requested severance of that provision and any other relief that was just and proper. The State of Missouri and SLHCN filed cross motions for summary judgment. The trial court sustained SLHCN's motion for summary judgment, declaring HSSB 768 to be unconstitutional in its entirety. The state appealed.

◼ In the state's first point on appeal, the state asserts that the trial court erred in finding that the title of HSSB 768 violates the clear title mandate of article III, section 23 of the Missouri Constitution. This point is dispositive. Article III, section 23 of the Missouri Constitution provides, "No bill shall contain more than one subject which shall be clearly expressed in its title...." As this Court has noted repeatedly, one of the purposes of requiring that a bill's title clearly express the subject of the bill is to keep individual members of the legislature and the public fairly apprised of the subject matter of pending laws. *See e.g., Stroh Brewery Co. v. State,* 954 S.W.2d 323, 325 (Mo. banc 1997).

◼ In order to survive a clear title challenge, a bill's title need not give specific details of a bill, but need indicate only generally what the act contains. *See Lincoln Credit Co. v. Peach,* 636 S.W.2d 31, 39 (Mo. banc 1982). The title cannot, however, be so general that it tends to obscure the contents of the act. *Fust v. Attorney General,* 947 S.W.2d 424, 429 (Mo. banc 1997). In addition, the title cannot be so broad as to render the single subject mandate meaningless. *See Missourians to Protect the Initiative Process v. Blunt,* 799 S.W.2d 824, 832 (Mo. banc 1990). If the title of a bill is too broad or amorphous to identify a single subject within the meaning of article III, section 23, then the bill's title violates the mandate that bills contain a single subject clearly expressed in its title. *See Fust,* 947 S.W.2d at 428; *Carmack v. Director, Missouri Dept. of Agric.,* 945 S.W.2d 956, 960 (Mo. banc 1997); *Hammerschmidt v. Boone County,* 877 S.W.2d 98,

102 n. 3 (Mo. banc 1994); *see also Missourians,* 799 S.W.2d at 832.

The title of HSSB 768 is "An Act To repeal sections 355.176, 355.331, 402.215 and 473.657, RSMo 1994, relating to certain incorporated and non-incorporated entities, and to enact in lieu thereof eleven new sections relating to the same subject." The title identifies the subject of the bill as *certain incorporated and non-incorporated entities.* An *entity* is "something that has independent or separate existence." Webster's Third New International Dictionary 758 (1966). By referring to *incorporated and non-incorporated entities,* the title of HSSB 768 specifies that the bill relates to entities whether they are incorporated or not. This portion of the title could be reduced to say "An Act To repeal sections 355.176, 355.331, 402.215 and 473.657, RSMo 1994, relating to entities." The phrase *incorporated and non-incorporated entities,* therefore, could refer to anything; it is difficult to imagine a broader phrase that could be employed in the title of legislation.

In an attempt to limit the scope of the phrase *incorporated and non-incorporated entities,* the state argues that the term *entities* has a more limited definition than its ordinary meaning. The state suggests that *entities* should be defined here as it is in the Missouri Nonprofit Corporation Act, sections 355.001 et seq. In that context, *entity* is defined as:

> domestic corporations and foreign corporations, business corporations and foreign business corporations, for profit and non-profit unincorporated associations, business trusts, estates, partnerships, trusts, and two or more persons having a joint or common economic interest, and a state, the United States, and foreign governments. Sec. 355.066(14).

Contrary to the state's assertion, nothing in HSSB 768 establishes that the word *entity* in the bill's title is limited to the definition in section 355.066(14). Neither the title of the bill nor its contents refer to this statutory section. While it is correct that HSSB 768 does amend certain sections of the Missouri Nonprofit Corporation Act, the bill also amends numerous sections of other acts in

other chapters of the Missouri revised statutes. It is without cavil that when alternate readings of a statute exist, this Court must adopt the reading that favors the constitutionality of the statute. *See Stroh Brewery,* 954 S.W.2d at 326. Even as limited by the definition of *entities* proffered by the state, however, the phrase *incorporated and non-incorporated entities* remains excessively broad. By referring to every type of organization within the definition of section 355.066(14), the title of HSSB 768 could describe any legislation that affects, in any way, businesses, charities, civic organizations, governments, and government agencies. The title of HSSB 768 could define most, if not all, legislation passed by the General Assembly. Even employing the limited definition proffered by the state, therefore, the phrase *incorporated and non-incorporated entities* is far too broad to provide fair notice to the legislators and public of the subject of pending legislation. *See Carmack,* 945 S.W.2d at 960 (finding that "economic development" was too broad and amorphous to describe subject of a pending bill).

■ The state next argues that the word *certain* in the phrase *certain incorporated and non-incorporated entities* further limits the scope of the title of HSSB 768 to "some, but not all, incorporated and non-incorporated entities." This argument is of little help. Defining the scope of the title of HSSB 768 as some, but not all, incorporated and non-incorporated entities creates a textbook example of a broad and amorphous title. By its own terms, HSSB 768 could affect one entity or all but one. According to its title, HSSB 768 could amend the tax laws for charities that provide homeless shelters or it could prohibit the mining of limestone by domestic business corporations. The scope and content of a bill labeled as "relating to certain incorporated and non-incorporated entities," without any further limitation, is entirely uncertain. *Compare Blue Cross Hosp. Serv. v. Frappier,* 681 S.W.2d 925, 929–930 (Mo. banc 1984)(upholding bill entitled "relating to the regulation of certain corporations and other organizations which provide services or coverage for certain health related risks"); *Westin Crown Plaza Hotel Co. v. King,* 664 S.W.2d 2, 6–7 (Mo.

banc 1984)(upholding bill entitled "relating to certain fees related to the division of health"). Consequently, the narrative portion of HSSB 768 is too broad and too amorphous to identify a single subject within the meaning of article III, section 23.

The state next contends that the sections enumerated in the title of HSSB 768 limit the scope of the words used in the title to describe the bill's contents. The state argues that the phrase *certain incorporated and non-incorporated entities* is limited to those entities described in the statutory sections listed in HSSB 768's title, and, so limited, the title of HSSB 768 describes a single subject. SLHCN maintains in response that the sufficiency of a bill's title is determined by the narrative portion of the title and that the statutory sections listed in the title should not be considered in a clear title analysis.

■ This Court need not determine the broad question of whether a listing of statutory sections in the title of a bill can operate to produce a clear title. Even considering the sections listed in the title of HSSB 768, the title of the bill fails to express a single subject within the meaning of article III, section 23. The title of HSSB 768 reads, in pertinent part, "An Act To repeal sections 355.176, 355.331, 402.215 and 473.657, RSMo 1994, relating to certain incorporated and non-incorporated entities...." Section 355.176 authorizes service on chapter 355 nonprofit corporations and limits the venue for suits against such corporations. Section 355.331 specifies the term for directors of nonprofit corporations. Section 402.215 authorizes the formation of the Missouri Family Trust board of trustees and proscribes rules governing the Missouri Family Trust. Section 473.657 allows probate distributions to a distributee or to the distrubutee's attorney in fact, personal representative, guardian, or conservator. The sections listed in the title of HSSB 768 do not relate to a single subject of entities, but instead concern nonprofit corporations, the Missouri Family Trust and its board of trustees, and probate distributions to distributees or their representatives. These sections arguably limit the scope of the phrase *certain incorporated and non-*

*incorporated entities,* but they do not limit the phrase to a single subject of entities, as required by article III, section 23. In fact, the list of statutory sections actually serves further to obscure the contents of the act. Even if a legislator or the public could be required to read, or could be assumed to know, the contents of the sections listed in the title of HSSB 768 in order to discern the bill's single subject, no single subject could be discerned from the sections described above.

Because the title of HSSB 768 fails to express clearly a single subject, this Court holds that the title of HSSB 768 violates the clear title mandate of article III, section 23 of the *Missouri Constitution.* Accordingly, this Court must also hold that HSSB 768 is unconstitutional.

The judgment of the trial court is affirmed.

All concur.