HOME BUILDERS ASSOCIATION
OF GREATER ST. LOUIS,
Respondent,

v.

STATE of Missouri, et al., Appellants.

No. SC 83863.

Supreme Court of Missouri,
En Banc.

May 28, 2002.

Jeremiah W. (Jay) Nixon, Atty. Gen., Curtis F. Thompson, Asst. Atty. Gen., Jefferson City, for Appellants.

James B. Deutsch, Marc H. Ellinger, Jefferson City, for Respondent.

LAURA DENVIR STITH, Judge.

In 2000, the Missouri General Assembly adopted "An Act To repeal [51 specified sections] ... relating to property ownership, and to enact in lieu thereof seventy new sections relating to the same subject, with penalty provisions...." ("SB 894"). Home Builders Association of Greater St. Louis, Inc. ("Home Builders") sought to have SB 894 declared unconstitutional as violating article III, sections 21 and 23 of the Missouri Constitution, which require that the original purpose of a bill not be changed, that the bill have a single subject and that the subject be clearly expressed in its title. The trial court granted summary judgment to Home Builders on all three constitutional grounds. The State appeals. Finding that SB 894 violates the "clear title" requirement of article III, section 23, this Court affirms without reaching the other arguments raised.

## I. FACTUAL BACKGROUND

As originally introduced SB 894 consisted of fifteen pages amending chapter 141, RSMo, which concerns *"Delinquent Taxes—First Class Counties and St. Louis City."* It was entitled, "An Act to repeal sections 141.220, 141.540, 141.570, 141.700, 141.710, 141.720, 141.730, 141.740, 141.750, 141.760, 141.765, 141.770, 141.800, RSMo 1994, *relating to property ownership,* and to enact in lieu thereof thirteen new sections relating to the same subject" (emphasis added). Its provisions amended sections of chapter 141 relating to the land tax collection law concerning sheriff's sales in certain first class counties; establishing a commission for the management, sale, and other disposition of the tax delinquent lands in certain home rule cities; and making other changes to city land trust commissions.

Before it was enacted into law, SB 894 grew from 15 to 90 pages and grew from 13 amendments to a single chapter of Missouri's statutes into 70 amendments to the following 15 chapters of Missouri's statutes:

Chapter 32—State Department of Revenue

Chapter 53—County Assessors

Chapter 64—County Planning–Zoning–Recreation–Natural Streams & Waterways

Chapter 67—Political Subdivisions, Miscellaneous Powers

Chapter 71—Provisions Relative to all Cities and Towns

Chapter 82—Constitutional Charter Cities

Chapter 135—Tax Relief

Chapter 137—Assessment and Levy of Property Taxes

Chapter 139—Payment and Collection of Current Taxes

Chapter 140—Collection of Delinquent Taxes Generally

Chapter 141—Delinquent Taxes—First Class Counties and St. Louis City

Chapter 178—Special Schools and Instruction and Special Districts

Chapter 381—Title Insurance Law

Chapter 393—Gas, Electric, Water, Heating and Sewer Companies

Chapter 620—Department of Economic Development

As a result of the addition of these numerous amendments, the title of the bill was accordingly changed to:

An Act To repeal sections 53.135, 64.342, 67.547, 67.700, 71.285, 82.817, 140.110, 141.220, 141.540, 141.610, 178.870, 381.011, 381.021, 381.041, 381.051, 381.061, 381.081, 381.091, 381.101, 381.111, 381.121, 381.131, 381.141, 381.151, 381.161, 381.171, 381.181, 381.191, 381.201, 381.211, 381.221 and 381.241, RSMo 1994, sections 32.105, 32.110, 64.725, 67.582, 135.403, 135.484, 135.766, 137.073, 139.053, 140.160, 381.031, 381.231, 381.410, 381.412, 393.705, 393.715 and 620.1039, RSMo Supp.1999, section 141.550 as enacted by house bills nos. 977 and 1608 of the second regular session of the eighty-ninth general assembly, section 141.550 as enacted by senate bill no. 778 of the second regular session of the eighty-ninth general assembly, *relating to property ownership,* and to enact in lieu thereof seventy new sections relating to the same subject, with penalty provisions, and an effective date for certain sections.

(emphasis added).

Home Builders then filed this declaratory judgment action.

## I. "CLEAR TITLE" ANALYSIS

 Article III, section 23 of the Missouri Constitution requires that "No bill shall contain more than one subject *which shall be clearly expressed in its title ...*" (emphasis added). As this Court has noted when addressing procedural challenges to legislative enactments such as this:

An act of the legislature carries a strong presumption of constitutionality. *Hammerschmidt v. Boone County,* 877 S.W.2d 98, 102 (Mo. banc.1994). This Court resolves all doubts in favor of the procedural and substantive validity of legislative acts. *Id.* Attacks against legislative action founded on constitutionally imposed procedural limitations are not favored. *Id.* An act of the legislature must clearly and undoubtedly violate a constitutional procedural limitation before this Court will hold it unconstitutional. *Id.*

*Carmack v. Dir., Missouri Dept. of Agriculture,* 945 S.W.2d 956, 959 (Mo. banc 1997).

 On the other hand, this Court must invalidate legislation if, after resolving all doubts in favor of the enactment, the bill clearly violates the requirement of article III, section 23 that a bill's subject be clearly expressed in its title. This follows from the purpose of the "clear title" requirement, which is "to prevent fraudulent, misleading, and improper legislation, by providing that the title should indicate in a general way the kind of legislation that [is] being enacted." *Fust v. Attorney General for the State of Mo.,* 947 S.W.2d 424, 429 (Mo. banc 1997). Requiring bill titles to be clear is thus a way of keeping "individual members of the legislature and the public fairly apprised of the subject matter of pending laws." *St. Louis Health*

*Care Network v. State,* 968 S.W.2d 145, 147 (Mo. banc 1998).

■ Titles to legislative enactments may violate article III's "clear title" requirement in two ways. Most often, a title is attacked on the basis that it is so restrictive and underinclusive that some of the provisions of the bill fall outside its scope. *Missouri State Medical Ass'n. v. Missouri Dept. of Health,* 39 S.W.3d 837, 841 (Mo. banc 2001); *National Solid Waste Mgmt. Ass'n v. Director of the Dep't. of Natural Resources,* 964 S.W.2d 818, 820–21 (Mo. banc 1998); *Fust,* 947 S.W.2d at 428. But, conversely, a title may be unclear because the subject it expresses is so broad and amorphous in scope that it fails to give notice of its content, which "effectively renders the single subject requirement meaningless or obscures the actual subject of the legislation." *Drury v. City of Cape Girardeau,* 66 S.W.3d 733, 739 (Mo. banc 2002), *citing, St. Louis Health Care Network,* 968 S.W.2d at 147. *Compare, C.C. Dillon Co. v. City of Eureka,* 12 S.W.3d 322, 329 (Mo. banc 2000); *Missouri State Medical Ass'n,* 39 S.W.3d at 841; *Corvera Abatement Techs., Inc. v. Air Conservation Comm'n.,* 973 S.W.2d 851, 861–862 (Mo. banc 1998) (validating titles that are broad but still adequate to give notice).

Home Builders argues that the title to SB 894 violates the latter aspect of the "clear title" provision in that the title "relating to property ownership," as used in SB 894, is fatally vague and amorphous because it can relate to every kind of property that has or could be owned by any kind of entity. In fact, it argues, the term "property ownership" as used here is so broad that it could refer to almost any act the legislature passes.

In support, Home Builders notes that titles that are so broad and amorphous as to violate the "clear title" provision of Missouri's Constitution will also often violate the "single subject" provision of article III, section 23 as well. It analogizes the open-ended nature of the title "relating to property ownership" to the title "relating to certain incorporated and non-incorporated entities" that this Court invalidated in *St. Louis Health Care Network.* In that case, the Court held the title "relating to certain incorporated and non-incorporated entities" was "a textbook example of a broad and amorphous title" because it could describe any legislation affecting in any way businesses, charities, civic organizations, governments and government agencies. In other words, "most, if not all, legislation passed by the General Assembly." 968 S.W.2d at 148.

■ Although not a "clear title" case, this Court applied a similar analysis in *Carmack,* holding that the title "relating to economic development" violated the "single subject" provision because the bill's contents did not in fact relate merely to programs of the department of economic development or to some other single subject, but swept "within its meaning any direct or indirect benefit that flows to the state's economy." 945 S.W.2d at 960.[1]

While not deciding this case based on the challenge to the single subject requirement of article III, section 23, this Court agrees with Home Builders that the title "relating to property ownership," as used in SB 894, raises concerns similar to those raised in *St. Louis Health Care Network* and discussed in *Carmack* and so fails the "clear title" requirement because the phrase "relating to property ownership"

---

1. Although *Carmack* is not a "clear title" case, the court's discussion of the "single subject" requirement is helpful in the analysis of a "clear title" violation. *See St. Louis Health*

*Care Network,* 968 S.W.2d at 148–149 (applying a "single subject" analysis to determine a violation of the "clear title" requirement).

could describe most, if not all, legislation passed by the General Assembly. This title fails to give notice of the actual content or subject of the bill.

Because the purpose of the "clear title" provision is to apprise legislators and the public of the subject matter of pending laws, *St. Louis Health Care Network*, 968 S.W.2d at 147, this Court must interpret the phrase "relating to property ownership" according to its common and ordinary meaning. *Id. Accord, Corvera Abatement Techs., Inc.*, 973 S.W.2d at 861. "Property" is commonly defined to include: "something that is or may be owned or possessed;" "a piece of real estate;" "a valuable right or interest primarily a source or element of wealth;" "something to which a person has a legal title: an estate in tangible assets . . . or intangible rights . . . ." Webster's 3d New Int'l Dictionary 1818 (1993).

The State argues that this Court should liberally interpret the "clear title" limitation to prevent inhibiting the legislative process, citing *Blue Cross Hospital Service, Inc. of Mo. v. Frappier*, 681 S.W.2d 925 (Mo. banc 1984) vacated on other grounds, 472 U.S. 1014, 105 S.Ct. 3471, 87 L.Ed.2d 608 (1985), and suggests that, even if the term "relating to property ownership" is too broad and amorphous if construed to apply to all property, the Court should construe the word "property" in the title to refer only to "real property." In support, it argues that Missouri's Constitution uses the term "property" in this narrow sense.

There are multiple reasons why the Court cannot adopt this approach. Most basically, this contention misconstrues how the word "property" is used in the Missouri Constitution, for the Constitution uses the word "property" to refer not just to real but also to personal and intangible property. *See, e.g.* Mo. Const. article I, secs. 26–28 (concerning eminent domain, condemnation and taking issues); Mo. Const. article X, sec. 4(a), (b) and (c) (concerning classification of property and basis of assessment of property for tax purposes and specifically referencing, in addition to real property, tangible and intangible personal property).

In other words, the Missouri Constitution adopts the common and ordinary definition of the term "property," not the unduly restrictive definition proposed by the State. Prior cases and other authorities adopt a similar definition.[2]

In any event, the provisions of SB 894 are not limited to amendments to statutes affecting only real property. To the contrary, while some of the bill's various provisions regarding sheriff's sales and ownership of marinas by certain first class counties relate to real property, other provisions amend statutes governing such matters as removal of persons from participation in public water supply districts because of the district's failure to provide services (sec.620.1039); establishing a fund to promote marketing of agricultural products (sec.261.037); tax credits for research expenses to be applied against income taxes or taxes on financial institutions (sec.

---

2. *See, e.g., Alexander v. State*, 756 S.W.2d 539, 541 (Mo. banc 1988) ("property" includes both real and personal property); *Hoffmann v. Kinealy*, 389 S.W.2d 745, 752 (Mo. banc 1965) ("property" includes ownership and possession and also right of use in enjoyment for lawful purposes); *City of Excelsior Springs v. Elms Redevelopment Corp.*, 18 S.W.3d 53, 58 (Mo.App. W.D.2000) ("Property is not merely real property"); *Barket v. City of St.* *Louis*, 903 S.W.2d 269, 271 (Mo.App. E.D. 1995) (mortgagee's interest in real estate is "property"); *In re Marriage of Null*, 608 S.W.2d 568, 570 (Mo.App. S.D.1980) ("property" includes inchoate interest); *Black's Law Dictionary* at 1216 (6th Ed.1990)("property" includes "everything which is the subject of ownership, corporeal or incorporeal, tangible or intangible, visible or invisible, real or personal . . .").

620.1039); the Missouri Title Insurance Act, which applies to persons and agencies engaged in the business of title insurance (sec.381.003); and joint contracting of local districts to form municipal utility commissions that can purchase fuels and personal as well as real property (secs.393.705, 393.715).

While creative arguments could be made that each of these amendments and the many others set out in SB 894 [3] could be interpreted to apply in some way to property ownership, as the trial court noted, if that is the test then "it is hard to imagine any statute which would not have some impact upon or arguable relation to ownership of either tangible or intangible property." That is, every piece of personal, intangible and real property is owned by someone, and nearly every statute affects some piece of intangible, real or personal property either directly or indirectly, so nearly every piece of legislation passed could fit within the title "relating to property ownership." This is precisely what makes the title so amorphous as to violate the clear title provisions. As this phrase is commonly interpreted, it gives the reader no guidance as to the contents of the act. *St. Louis Health Care Network*, 968 S.W.2d at 147. The Court therefore concludes that the phrase "relating to property ownership" is not a clear title for *this* legislation, as it can be held to describe the contents of the bill only by interpreting the phrase "relating to property ownership" so broadly "that it obscures the contents of the act" rendering the "clear title" mandate meaningless. *Corvera Abatement Techs., Inc.*, 973 S.W.2d at 861.

This Court is mindful of section 1.140, RSMo 2000, which commands: "The provisions of every statute are severable." Section 1.140 further provides that if a court declares part of a statute unconstitutional, it shall uphold the remainder unless the court determines that the valid provisions are "essentially and inseparably" connected with the void provisions, so that the legislature would not have enacted the valid provisions without the void ones. *See Carmack*, 945 S.W.2d at 961.

Applying this principle, where the title is underinclusive, the portions of the bill that fall outside the scope of the title may be invalidated and severed from the remainder of the bill. *National Solid Waste Mgmt. Ass'n*, 964 S.W.2d at 822. However, in a case of an overinclusive title such as this, the entire bill will normally be found invalid because the title's lack of notice as to the subject matter included in the bill applies to the bill as a whole. *St. Louis Health Care Network*, 968 S.W.2d at 147–149. Indeed, appellant has not offered any argument as to how this Court could strike only a portion of the bill where, as here, the "clear title" provision is violated by being overinclusive.

## IV. CONCLUSION

For the reasons stated above, this Court affirms the trial court's judgment and invalidates SB 894 in its entirety.

LIMBAUGH, C.J., WHITE, WOLFF, BENTON, and PRICE, JJ., and SHRUM, Sp.J., concur.

RICHARD B. TEITELMAN, J., not participating.

---

**3.** For example, other amendments concern approval by voters of zoning by county commissions for townships; collection of delinquent real estate taxes; granting to cities the authority to control trash accumulation as they do weed growth; requiring the Department of Natural Resources to issue certification of compliance as to approved hazardous waste corrective action plans; and property tax rates for junior college districts.