Jeremiah W. NIXON, Attorney General of Missouri, Appellant,

v.

CITY OF OREGON, Billy P. Sharp, County Collector, and Sue S. Kneale, County Clerk, Respondents.

No. WD 59550.

Missouri Court of Appeals, Western District.

June 18, 2002.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christie Kincannon, Asst. Atty. Gen., Jefferson City, for Appellant.

Robert R. Shepherd, Maryville, for Respondent.

PAUL M. SPINDEN, Chief Judge.

During 2000, the City of Oregon levied a general revenue tax of $1 per $100 of assessed valuation. Attorney General Jeremiah W. Nixon sued, pursuant to authority granted to him by § 137.073.6, RSMo 2000, asking the circuit court to determine that the tax was unlawful and to enjoin the city from collecting it. The circuit court denied Nixon's petition for injunctive relief, and he appeals.

Oregon contends that Senate Bill 894, the legislation creating § 137.073, is unconstitutional because it violates Mo. CONST. art. III, § 23 (1945), in that it did not have a single subject and its subject was not expressed clearly in its title. Heeding the Supreme Court's instruction in *Home Builders Association of Greater St. Louis v. Missouri*, 75 S.W.3d 267 (Mo. 2002), we concur with Oregon's argument and dismiss Nixon's appeal.

In *Home Builders Association*, the Supreme Court noted that Mo. CONST. art. III, § 23, requires that every bill enacted by the General Assembly must contain no more than one subject that is expressed clearly in the bill's title. At 268. If a bill violates this so-called clear title requirement, the court said that it was bound to invalidate the legislation. *Id.* at 270. The Supreme Court held that the phrase "relating to property ownership" in SB 894's title could refer to almost any legislation the general assembly passed; therefore, the title failed to give notice of the bill's actual content or subject matter in violation of the clear title requirement. *Id.* at 270. The court said that, because the title was overly broad, it could not strike only

portions of the bill, and, therefore, it invalidated the entire bill. *Id.* at 271.

Because the Supreme Court declared SB 894 unconstitutional, it necessarily follows that any legislation established by SB 894 is void. *See State ex rel. Miller v. O'Malley,* 342 Mo. 641, 117 S.W.2d 319, 324 (banc 1938). SB 894 created § 137.073, which grants to the attorney general authority to bring this suit against Oregon; therefore, having been created by an unconstitutional measure, § 137.073 is void.[1] Hence, we dismiss Nixon's appeal.

PATRICIA A. BRECKENRIDGE, Judge, and LISA WHITE HARDWICK, Judge, concur.

---

1. Because SB 894 violates the clear title requirement, we need not address Oregon's contention that the bill is unconstitutional because it did not have a single subject.