STATE of Missouri, ex rel., SSM
HEALTH CARE ST.
LOUIS, Relator,

v.

The Honorable Margaret M. NEILL,
Circuit Court Judge, 22nd Judicial
Circuit, Respondent.

No. SC 84092.

Supreme Court of Missouri,
En Banc.

June 25, 2002.

Edward M. Goldenhersh, Jennifer Alexander Briner, Paul E. Kovacs, Timothy Gearin, St. Louis, for Relator.

Matthew J. Devoti, Stephen F. Meyerkord, Robert J. Foley, St. Louis, for Respondent.

Roger G. Brown, Jefferson City, (Missouri Association of Trial Attorneys), for Amicus Curiae.

LAURA DENVIR STITH, Judge.

This case presents the narrow issue whether the special nonprofit corporate

venue statute, section 355.176.4, or the general venue statute, section 508.010(2), governs when a nonprofit corporation and an individual are sued together. Relator SSM Health Care ("SSM"), defendant in the underlying action, filed a motion to transfer venue, arguing that the special nonprofit corporate venue statute applies, and under it, venue in St. Louis City is improper. Respondent overruled the motion. SSM seeks a writ of prohibition directing Respondent to take no action except to grant its motion to transfer.

First, for the reasons explained below, although section 355.176.4 has not been printed in the statute books since it was repealed in 1996, both parties correctly recognize that it governs venue in suits solely filed against nonprofit corporations, due to the fact that this Court held the repealing statute unconstitutional in *St. Louis Health Care Network v. State*, 968 S.W.2d 145, 149 (Mo. banc 1998). This had the effect of reinstating section 355.176.4.1994 Mo. Laws 868. Second, section 355.176 states that suits against a nonprofit corporation *shall* be commenced *only* in the venues set out in subsection 4. Nothing in this language suggests it is not intended to apply when a nonprofit corporation is sued along with other defendants, and the Respondent erred in holding otherwise. Section 355.176.4 governs venue both when a nonprofit corporation is sued alone as well as when it is sued with other corporations or with individuals, as is the case here. The preliminary writ in prohibition is made absolute as modified, and Respondent is directed to grant the motion to transfer venue.

## I. FACTUAL AND PROCEDURAL BACKGROUND

SSM is a Missouri nonprofit corporation that maintains its registered agent and its principal place of business in St. Louis County. Dr. Bucy is a resident of St. Charles County. Plaintiff in the underlying lawsuit, Noah D. Thompson, by and through his next friend, Gregory A. Thompson (referred to here as "Thompsons"), filed a medical malpractice action against defendants Dr. Bucy and SSM in the City of St. Louis in May 2001, alleging that negligence by Dr. Bucy in delivering Noah by cesarean section at St. Joseph's Hospital West in St. Charles County caused him to suffer serious and permanent injuries.

In June 2001, SSM filed a motion to transfer venue in which it argued that venue of the malpractice action should be determined by section 355.176.4, which states:

Suits against a nonprofit corporation **shall** be commenced **only** in one of the following locations:

(1) The county in which the nonprofit corporation maintains its principal place of business;

(2) The county where the cause of action accrued;

(3) The county in which the office of the registered agent for the nonprofit corporation is maintained.

Sec. 355.176.4 (emphasis added). SSM argued that it maintains its principal place of business and its registered agent in St. Louis County, not St. Louis City, and the cause of action did not accrue in the City of St. Louis, but rather in St. Charles County. Therefore, SSM contended, venue was improper in St. Louis City, and the case should be transferred to either St. Louis County or St. Charles County.

The Thompsons opposed the motion to transfer venue arguing that section 355.176.4 applies only when a nonprofit

corporation is the sole defendant or when suit is against multiple nonprofit corporations. Respondent overruled SSM's motion to transfer venue, holding that section 355.176.4 remains in effect, but that it governs venue only if the suit is filed against one or more nonprofit corporations and that section 508.010, the general venue statute, applies where, as here, a nonprofit corporation is sued with individual defendants.[1] After the court of appeals denied a writ of prohibition, SSM applied for a writ in this Court. This Court granted a preliminary writ in prohibition and now makes that writ absolute as modified.

## II. PROHIBITION IS AVAILABLE WHERE A MOTION FOR CHANGE OF VENUE IS IMPROPERLY DENIED

■ "Prohibition is a discretionary writ, and there is no right to have the writ issued." *State ex rel. Linthicum v. Calvin,* 57 S.W.3d 855, 856–857 (Mo. banc 2001). The writ will be issued "only to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extra-jurisdictional power." *Id.* Because improper venue is a fundamental defect, a court that acts when venue is improper acts in excess of its jurisdiction. *State ex rel. City of St. Louis v. Kinder,* 698 S.W.2d 4, 6 (Mo. banc 1985). "Prohibition lies to bar the trial court from taking any further action, except to transfer the case to a proper venue." *State ex*

*rel. Etter, Inc. v. Neill,* 70 S.W.3d 28, 32 (Mo.App. E.D.2002).

## III. ANALYSIS

■ Both parties concede that venue is determined solely by statute. *State ex rel. Smith v. Gray,* 979 S.W.2d 190, 191 (Mo. banc 1998); *Rothermich v. Gallagher,* 816 S.W.2d 194, 196 (Mo. banc 1991). The narrow issue presented for review is whether the special nonprofit corporation statute, section 355.176.4, or the general venue statute, section 508.010, governs venue when a nonprofit corporate defendant is joined with an individual or corporate for-profit defendant.

### A. Section 355.176.4 is Still In Effect.

■ Before addressing the meaning of the language of section 355.176.4, it is helpful to clarify the basis of its applicability. In 1996, the legislature passed L.1996, S.B. No. 768, sec. A, which repealed section 355.176 and enacted in its stead a new section 355.176, relating to the same subject. 1996 Mo. Laws 741. The first three subsections of the statute as revised remained the same, but subsection 4, governing venue of a suit against a nonprofit corporation, was eliminated entirely. H.B. 1095, 1994 Mo. Laws 868. Accordingly, when the official revised statutes and Vernons Annotated Missouri Statutes ("V.A.M.S.") thereafter printed the revised version of section 355.176, it was comprised only of subsections 1, 2 and 3. *See*

---

1. Respondent also addressed the issue of where SSM resides, as a defendant's residence is determinative of venue under the general venue statute, section 508.010.2. Section 355.170, RSMo 1986, had provided that a nonprofit corporation resides where its registered office is maintained, but that section was repealed by L.1994, H.B. No. 1095, Sec. A.1994 Mo. Laws 915. Respondent therefore held that SSM resides in the City because it conducts its usual and customary business there, citing *Rothermich v. Galla-*

*gher,* 816 S.W.2d 194 (Mo. banc 1991). SSM counters that even were venue to be determined under the general venue statute, section 508.010.2, the repeal of section 355.170 was meaningless in regard to venue and it should still be held to reside where it maintains its registered office or agent, neither of which is in the City of St. Louis. Because this Court holds that section 355.176.4 governs venue, it does not reach the merits of this argument.

sec. 355.176, RSMo Supp.1996; sec. 355.176, V.A.M.S.1997.

But, in 1998, this Court ruled S.B. No. 768, the law that purported to repeal subsection 4, unconstitutional because it violated the "clear title" requirement of article III, section 23 of the Missouri Constitution. *St. Louis Health Care Network v. State*, 968 S.W.2d at 149. While *St. Louis Health Care Network* did not expressly address the effect of the invalidation of S.B. No. 768 on the continued viability of section 355.176.4, it has long been the law that:

> [where] the evident purpose of repealing and reenacting the section ... was to substitute the new section for the old ...'if the new section is unconstitutional, the repealing clause is likewise invalid and the old section remains in force'.

*Missouri Ins. Co. v. Morris*, 255 S.W.2d 781, 782 (Mo. banc 1953) (citations omitted).

As a result, once *St. Louis Health Care Network* held the repealing act unconstitutional, the repealed version of section 355.176 came back into effect, including subsection 4. Neither the official revised statutes nor V.A.M.S. reflect the renewed effectiveness of subsection 4, but rather continue to print the statute as if it had only subsections 1, 2 and 3. *See* sec. 355.176, RSMo 2000; V.A.M.S. sec. 355.176 (2001). For this reason, the 1994 version of the revised statutes, or the Historical and Statutory Notes section of the 2001 version of V.A.M.S., should be referred to for the language of section 355.176.4. 1994 Mo. Laws 868.

**B. Section 355.176.4 Governs Venue in All Suits Against Nonprofit Corporations.**

On its face, section 355.176.4 governs the venue of suits against nonprofit corporations, for it states that, "suits against a nonprofit corporation **shall be commenced** *only* in one of the following locations ...". Sec. 355.176.4 (emphasis added). Indeed, Respondent recognized that section 355.176.4 does govern suits in which a nonprofit corporation is sued by itself or with other nonprofit corporate defendants.

But, Respondent noted, Missouri courts have held that a similarly worded statute, section 508.040, governing the venue of suits against for-profit corporations, applies only when such corporations are the sole defendants. Section 508.040 provides:

> Suits against corporations **shall be commenced** either in the county where the cause of action accrued, ... or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business.

Sec. 508.040 (emphasis added). She further noted that section 508.010(2), the portion of the general venue statute that governs suits against multiple defendants, applies when an individual and one or more for-profit corporations are sued together. *See also State ex rel. Dick Proctor Imports, Inc. v. Gaertner*, 671 S.W.2d 273, 275 (Mo. banc 1984); *Smith*, 979 S.W.2d at 191.

Therefore, by analogy, Respondent held, although section 355.176.4 says that suits against nonprofit corporations shall be commenced only in certain venues, that limitation also should be held not to apply when a nonprofit corporation is sued together with an individual. In the latter situation, as in the case of for-profit corporations, venue is governed by the general venue statute, section 508.010(2), which states, in pertinent part:

> Suits instituted by summons shall, except as otherwise provided by law, be brought:
>
> ....

(2) When there are several defendants, and they reside in different counties, the suit may be brought in any such county; . . . .

Sec. 508.010(2).

While Respondent's analogy to the interpretation of section 508.040 is appealing at first blush, it fails to sufficiently take into account the difference in wording between section 508.040 and section 355.176.4. As noted, the former provides that "[s]uits against corporations **shall be commenced** . . ." in one of two locations. Sec. 508.040 (emphasis added). The latter, by contrast, expressly states that "[s]uits against a nonprofit corporation **shall be commenced only** in one of" three locations. Sec. 355.176.4 (emphasis added). As is evident, the two sections differ in that section 508.040 states that suit "shall" be commenced in a certain location, whereas section 355.176.4 states that suit "shall be commenced *only* " in certain locations. ·

■ Respondent says that this difference in wording is meaningless and that both statutes should be interpreted in the same manner. When interpreting a statute, however, this Court is required to give meaning to every word of the legislative enactment. *Spradlin v. City of Fulton,* 982 S.W.2d 255, 262 (Mo. banc 1998). To interpret section 355.176 as Respondent proposes would require the Court to render the term "only" mere surplusage, included for no reason. " 'Such a construction is not favored'." *Millsap v. Quinn,* 785 S.W.2d 82, 84 (Mo. banc 1990) (citation omitted). Giving each and every word its plain and ordinary meaning, the legislature's use and placement of *both* the words "shall" and "only" in section 355.176.4 signifies on its face that the legislature intended to designate exclusively those locations set out in section 355.176.4 as permissible venues for suit against nonprofit corporations, and restrict venue to them, even where, as here, the nonprofit

corporation is sued together with an individual.

Respondent counters that, if the legislature had wanted section 355.176.4 to be the exclusive basis for venue of nonprofit corporations, it would have employed language like that used in section 508.050 or section 508.060. Section 508.050 provides:

Suits against municipal corporations *as* **defendant or codefendant shall** be **commenced** *only* in the county in which the municipal corporation is situated or if . . . situated in more than one county . . . [then in the]county wherein the seat of government of the municipal corporation is situated; . . .

Sec. 508.050 (emphasis added). The language "as defendant or codefendant" has been interpreted to mean that the statute applies to all suits against a municipal corporation, even if other defendants are also sued. *State ex rel. Burlington Northern R.R. Co. v. Forder,* 787 S.W.2d 725, 726 (Mo. banc 1990). Section 508.060 states:

All actions *whatsoever* against any county **shall be commenced** in the circuit court of such county. . . . ·

Sec. 508.060 (emphasis added). The use of the word "whatsoever" has also been interpreted as mandatory and to provide the exclusive venue for suits against counties, irrespective of the presence of other defendants. *Kinder,* 698 S.W.2d at 6. Therefore, Respondent argues, if the legislature had intended section 355.176.4 to provide the exclusive venues for suits against nonprofit corporations, it would similarly have used either the term "or codefendant" or the word "whatsoever" in that statute.

This Court disagrees. The variance in language of sections 508.050 and 508.060 itself shows that the legislature has not limited itself to a single method of designating when a special venue statute is to provide the exclusive method of determining venue in cases involving multiple de-

fendants. In section 355.176.4, the legislature has evinced its intent by adding the word "only" to the phrase "shall be commenced," so that section 355.176.4 limits permissible venues for suits against nonprofit corporations only to one of the three locations designated in the statute, even when other defendants, including individuals, are also sued. This language is unambiguous and must be applied as written by the legislature.

## IV. CONCLUSION

Section 355.176.4 expressly provides the exclusive venues in which a nonprofit corporation can be sued in Missouri. The preliminary writ in prohibition is made absolute as modified. The Respondent is prohibited from taking any further action in this case other than ordering the case to be transferred to a proper venue.

LIMBAUGH, C.J., WOLFF, BENTON and PRICE, JJ., and DAUGHERTY and PARRISH, Sp.J., concur.

WHITE and RICHARD B. TEITELMAN, JJ., not participating.