**STATE of Missouri, ex rel., SSM HEALTH CARE ST. LOUIS, Relator,**

v.

**The Honorable Margaret M. NEILL, Circuit Court Judge, 22nd Judicial Circuit, Respondent.**

No. SC 84228.

Supreme Court of Missouri, En Banc.

June 25, 2002.

Edward M. Goldenhersh, Jennifer Alexander Briner, Rodney M. Sharp, Sandberg, Phoenix and von Gontard, P.C., St. Louis, for Relator.

Stephen M. Glassman, Clayton, D. Paul Myre, Weldon N. Johnson, Steven Reuter, David I. Hares, St. Louis, for Respondent.

PER CURIAM.

This case, like *State ex rel. SSM Health Care v. The Honorable Margaret M. Neill,* 78 S.W.3d 140 (Mo.2002), also decided this day, presents the narrow issue whether the special nonprofit corporate venue statute, section 355.176.4, or the general venue statute, section 508.010, governs when a nonprofit corporation is sued together with individuals or for-profit corporations.

In the underlying action, *Elnora Combs, et. al. v. Bussmann and SSM, et. al.,* Case No. 012–838, Plaintiffs filed suit in the City of St. Louis seeking damages for alleged medical malpractice. They named as defendants SSM, a nonprofit corporation with its principal place of business in St. Louis County; Gardener–Sherer D.O. Medical Corporation, a for-profit medical corporation with its principal place of business in St. Louis County; and several individual persons residing in St. Louis County, St. Charles County and the State of Pennsylvania.

Relator SSM filed a motion to transfer venue, arguing that the special nonprofit corporate venue statute, section 355.176.4, applies if a nonprofit corporation is sued along with individuals and for-profit corporations and, as a result, venue in St. Louis City was improper. SSM asked Respondent to transfer the case to either St. Louis County or St. Charles County, where the various Missouri defendants reside and the cause of action arose. Plaintiffs' petition made no allegations as to venue.

Respondent denied SSM's motion to transfer, finding that section 508.010 applies and that venue was proper in the City of St. Louis. SSM seeks a writ of prohibition to prevent Respondent from taking any further action in the underlying action, other than to transfer the case from the City of St. Louis to either St. Louis County or St. Charles County. This Court issued its preliminary writ of prohibition.

This case raises the same issues as to the proper statute to apply to determine venue when a nonprofit corporation is sued along with for-profit corporations or with individual defendants as are discussed in *State ex rel. SSM Health Care St. Louis v. The Honorable Margaret M. Neill.*[1] For the reasons set forth therein, this Court holds, first, that although section 355.176.4 has not been printed in the statute books since it was repealed in 1996, it governs venue in suits solely filed against nonprofit corporations, due to the fact that this Court held the repealing statute unconstitutional in *St. Louis Health Care Network v. State,* 968 S.W.2d 145, 149 (Mo. banc 1998). This had the effect of reinstating section 355.176.4. 1994 Mo. Laws 868.

Second, section 355.176.4 states that suits against a nonprofit corporation *shall* be commenced *only* in the venues set out in that subsection. As discussed in No. SC84092 nothing in this language suggests this section is not intended to apply when a nonprofit corporation is sued along with other defendants, and Respondent erred in holding otherwise. Subsection 355.176.4 governs venue both when a nonprofit corporation is sued alone as well as when it is sued with other corporations or with individuals, as is the case here.

The preliminary writ in prohibition is made absolute as modified, and Respondent is directed to take no further action other than to transfer this case to a proper venue.

LIMBAUGH, C.J., WOLFF, BENTON, LAURA DENVIR STITH and PRICE, JJ., concur.

WHITE and RICHARD B. TEITELMAN, JJ., not participating.

---

1. While in this case, unlike in No. SC 84092, one of the defendants is a non-resident of Missouri, that distinction is of no relevance to venue where, as here, this Court has decided that venue is determined under the special nonprofit corporate venue statute, not under section 508.010.