The judgment is affirmed pursuant to Rule 84.16(b).

---

■

**Anthony E. WILLIAMS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 80268.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 24, 2002.

Kent Denzel, Assistant Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joel A. Block, Jefferson City, MO, for respondent.

Before LAWRENCE E. MOONEY, C.J., LAWRENCE G. CRAHAN, J., CHARLES B. BLACKMAR, SR.J.

*ORDER*

PER CURIAM.

Anthony E. Williams appeals the judgment denying his petition to withdraw his guilty plea pursuant to Rule 24.035. We have reviewed the briefs of the parties and the record on appeal and find the judgment is not clearly erroneous. A detailed opinion would be of no precedential value.

---

■

**STATE of Missouri, ex rel. BJC HEALTH SYSTEM, Barnes–Jewish Hospital, and Missouri Baptist Medical Center, Relators,**

v.

**Honorable Margaret M. NEILL Judge of the Circuit Court of the City of St. Louis, Missouri, Division One, Respondent.**

No. ED 81608.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 1, 2002.

Paul N. Venker, Lisa A. Larkin, St. Louis, MO, for relators.

Gretchen G. Myers, St. Louis, MO, for respondent.

Ruth A. Przybeck, Robert C. Seibel, St. Louis, MO, for defendants.

ROBERT G. DOWD, JR., Judge.

Relators, BJC Health System (BJC Health System), Barnes–Jewish Hospital (Barnes–Jewish), and Missouri Baptist Medical Center (Missouri Baptist), filed a petition for a writ of mandamus and/or prohibition challenging (1) the refusal of Respondent, the Honorable Margaret M. Neill, to transfer the pending cause to St. Louis County and (2) the grant by Respondent to permit Plaintiffs to conduct "venue discovery." Respondent filed suggestions in opposition. A preliminary order was issued. We dispense with further briefings as permitted by Rule 84.24(j). The preliminary order is now made absolute.

The underlying suit is an action in medical malpractice and loss of consortium in which Plaintiffs, Stephanie and Brian O'Dekirk, alleged negligent health care and treatment at Missouri Baptist. They joined as defendants two physicians and four corporations. The physicians are Doctors John H. Niemeyer and Eric Lederman, both residents of St. Louis County. The corporations are Midwest Radiological Associates, P.C. (a professional corporation which employed Dr. Niemeyer); Missouri Baptist; Barnes–Jewish; and BJC Health System, all of whom maintain their registered agents in St. Louis County. Relator Missouri Baptist has its principal place of business in St. Louis County while Relators BJC Health System and Barnes–Jewish maintain their principal places of business in the City of St. Louis.

On April 15, 2002, BJC Health System, Barnes–Jewish, and Missouri Baptist were all served separately with service of process.[1] Within 30 days of process, Relators

---

1. In their petition, Plaintiffs refer to BJC Health System and Barnes–Jewish Hospital collectively as "BJC Health System." Plaintiffs contend joining the two entities together

timely filed motions to dismiss, or in the alternative, to transfer venue. All Relators asserted that Section 355.176.4, RSMo 1994, controls venue and that venue is improper in the Circuit Court of the City of St. Louis. Respondent failed to rule on the motions to transfer venue but instead ordered further venue discovery.

■ "Prohibition is a discretionary writ, and there is no right to have a writ issued." *State ex rel. Linthicum v. Calvin,* 57 S.W.3d 855, 856–857 (Mo. banc 2001). A writ will be granted "only to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extra-jurisdictional power." *Id.* Because improper venue is a fundamental defect, a court that acts when venue is improper acts in excess of its jurisdiction. *State ex rel. City of St. Louis v. Kinder,* 698 S.W.2d 4, 6 (Mo. banc 1985). "Prohibition lies to bar the trial court from taking any further action, except to transfer the case to a proper venue." *State ex rel. Etter, Inc. v. Neill,* 70 S.W.3d 28, 32 (Mo.App. E.D.2002).

In their first point, Relators argue Respondent failed to fulfill her ministerial duty to transfer the case to the Circuit Court of St. Louis County. We agree.

■ As a non-profit corporation, and pursuant to Section 355.176.4, RSMo 1994, Missouri Baptist can only be sued in the county where (1) the alleged cause of action accrued; (2) its registered agent is located; or (3) its principal place of business is located. In *State ex rel. SSM Health Care St. Louis v. Neill,* 78 S.W.3d

140, 145 (Mo. banc 2002), the Missouri Supreme Court recently decided that Section 355.176.4, RSMo 1994, governs both when a non-profit corporation is sued alone as well as where it is sued with other corporations or with individuals.[2] *SSM* involved a medical malpractice action against an individual physician and a health care corporation. *Id.* at 141–42. In *SSM,* as here, defendant corporation filed a motion to transfer venue, arguing the non-profit corporate venue statute applied and, under it, venue in St. Louis City was improper. *Id.* Moreover, in *SSM,* as in the instant case, the trial judge failed to transfer venue as she was required to under Section 355.176.4, RSMo 1994. *Id.* The Missouri Supreme Court in *SSM* held the non-profit corporation statute applied in all suits against non-profit organizations and directed the trial judge to grant the motion to transfer venue. *Id.* at 140–41.

Following the holding in *SSM* and pursuant to Section 355.176.4, RSMo 1994, Missouri Baptist, a non-profit corporation, can only be sued in the Circuit Court of St. Louis County because (1) the alleged cause of action accrued in St. Louis County, (2) its registered agent is located in St. Louis County, and (3) its principal place of business is located in St. Louis County. As St. Louis County is the exclusive venue within which Missouri Baptist can be sued, St. Louis City is an improper venue for the case.

Furthermore, Plaintiffs argue that by virtue of the affiliation agreement between BJC Health System and Missouri Baptist,

is proper because BJC Health System is made up of and jointly controlled with Barnes–Jewish.

**2.** In *State ex rel. SSM Health Care St. Louis v. Neill,* the Missouri Supreme Court held that once the repeal of subsection 4 of section 355.176 (L.1996, S.B. No. 768, sec.A) was found unconstitutional in *St. Louis Health*

*Care Network v. State,* 968 S.W.2d 145, 149 (Mo. banc 1998), the repealed version of the statute came back into effect, including subsection 4. The court in *SSM* further held section 355.176.4 governs the exclusive venues in which a non-profit corporation can be sued in Missouri.

each of which is a separate non-profit corporate entity, BJC Health System acquired the right to manage and control patient care at Missouri Baptist. We disagree. Plaintiffs rely on *Scott v. SSM Healthcare St. Louis*, 70 S.W.3d 560 (Mo. App. E.D.2002) to argue that defendant doctors and radiology group were agents of Missouri Baptist and BJC Health System. Plaintiffs contend their allegations "fall squarely within" the factual elements which can be determinative of an agency relationship. *Scott*, 70 S.W.3d at 566–567. We find *Scott* is inapposite. There, the contract between hospital and doctor provided evidence SSM had actual and participatory control over the doctor with respect to patient care. Here, the affiliation agreement is intended for business reasons and not to assert control or right to control over medical care.

In contrast to *Scott*, we find *Ritter v. BJC Health System*, 987 S.W.2d 377 (Mo. App. E.D.1999) is directly on point. In *Ritter*, this court held, as a matter of law, that the same affiliation agreement did not make the BJC Health System parent liable for the conduct of Christian Hospital, another hospital affiliated with the BJC Health System. *Id.* at 382. Unless Plaintiffs allege control sufficient to pierce the corporate veil or show the alleged control by BJC Health System affected the health care at issue and caused the alleged injury, the allegations are insufficient to establish an agency relationship in connection with the malpractice suit. *Id.* at 384. We further find that in their petition Plaintiffs have neither alleged any negligence specifically against Barnes–Jewish, a separately incorporated entity, nor have they stated a claim against them. As such, Plaintiffs have improperly attempted to join together BJC Health Systems and Barnes–Jewish and hold them liable for the conduct of Missouri Baptist.

In their second point, Relators argue Respondent erroneously granted Plaintiffs' request to conduct "venue discovery." We agree.

Because improper venue is a fundamental defect, a court that acts when venue is improper acts in excess of its jurisdiction. *Kinder*, 698 S.W.2d at 4. "Prohibition lies to bar the trial court from taking **any** further action, except to transfer the case to a proper venue." *Neill*, 70 S.W.3d at 28. [emphasis added].

■ Here, not only did Respondent fail to follow the holdings of the Missouri Supreme Court in *SSM* by not ruling on the uncontroverted evidence before her and not transferring the case to St. Louis County, but also she granted Plaintiffs' counsel additional time to conduct "venue discovery." Pursuant to Section 355.176.4, RSMo 1994, the only relevant venue facts are those relating to where the non-profit corporation's principal place of business is located, where the cause of action accrued, and where the corporation's registered agent's office is located. Here, Plaintiffs served on BJC Health System, Barnes–Jewish, and Missouri Baptist three identical sets of requests seeking documents related to agency and/or joint business venture issues.[3] Relators correctly assert none of the documents requested is relevant to the three narrow issues under Section 355.176.4, RSMo 1994. We find Respondent exceeded her jurisdiction in allowing "venue" discovery.

---

3. In their production requests, Plaintiffs seek documents related to purchase of assets, affiliation agreements, lease of real estate, expense sharing, names of current officers and directors, budgets, advertising, capital expenditures, indemnification agreements, payroll records, and pooled accounts.

Accordingly, our preliminary order is made absolute and we direct Respondent not to take any further action in this case other than ordering the case to be transferred to a proper venue.

CRAHAN, P.J., and HOFF, J., concur.