**STATE ex rel. ST. JOHN'S MERCY HEALTH CARE, f/k/a Unity Health System, et al., Relators,**

v.

**The Honorable Margaret M. NEILL, Division 1, Circuit Court of the City of St. Louis, Respondent.**

No. SC 84751.

Supreme Court of Missouri, En Banc.

Jan. 28, 2003.

Kenneth W. Bean, Joseph F. Callahan, St. Louis, for Relators.

David M. Zevan, St. Louis, for Respondent.

PER CURIAM.

St. John's Mercy Health Care is a defendant in a suit pending in the circuit court of St. Louis city. The parties do not dispute that St. John's Mercy is a non-profit corporation with its principal place of business and registered agent in St. Louis County. Under these facts, venue properly is in St. Louis County. *State ex rel. SSM Health Care St. Louis v. Neill,* 78 S.W.3d 140, (Mo. banc 2002). A peremptory writ of prohibition is issued requiring transfer of this case to a county of proper jurisdiction. *See section 476.410, RSMo 2000.*

Respondent seeks to avoid the result required by *SSM Health Care* by claiming that: (1) any claim of improper venue was waived because it was not raised timely as provided by Rule 51.045, and (2) section 355.176.4, RSMo 1994, was not properly enacted by the legislature. Both claims are rejected.

■ Respondent initially contends that the motion to change venue was not filed timely. Essentially, respondent notes that one or more of the defendants in the underlying action did not file an application for transfer within the time required by Rule 51.045. Rule 51.04(f) provides:

(f) Application for change of venue may be made by one or more parties in any of the following classes: (1) plaintiffs; (2) defendants; (3) third-party plaintiffs (where a separate trial has been ordered); (4) third-party defendants; (5) intervenors.

Each of the foregoing classes is limited to one change of venue and any such change granted any one or more members of a class, including changes granted under Rules 51.02, 51.03 or 51.04, exhausts the right of all members of the class to a change of venue, with this exception: in condemnation cases involving multiple defendants, as to which separate trials are to be held, each such separate trial to determine damages shall be treated as a separate case for purposes of change of venue.

Respondent reads Rules 51.045 and 51.04(f) together to limit each class to a single *ruling* on a motion for transfer. Since one of the defendants failed timely to file for a change of venue under Rule 51.045, respondent argues all members of the class are now precluded from seeking a change.

This argument misreads the rule, which clearly limits its restriction to "any such change granted"—not to the overruling of a motion or waiver of the issue. No change has been granted in the underlying action, and Rule 51.04 is not applicable.

Respondent next asserts certain defects in the enactment of section 355.176.4. Chapter 355 resulted from the passage of House Bill No. 82 by the 67th General Assembly. *See 1953 Mo. Laws 322.* That act was known as the "General Not for Profit Corporation Act." *Id.* at 324. The revisor of statutes has named chapter 355, the "Not–for–Profit Corporation Law."

■ Respondent contends that the bill enacting this section violated article III, section 23 of the state constitution because the bill's title was not clear and the bill contained more than one subject. The use of these procedural limitations to attack the constitutionality of statutes is

not favored. A statute has a presumption of constitutionality. *Stroh Brewery Co. v. State,* 954 S.W.2d 323, 326 (Mo. banc 1997). Procedural limitations are construed liberally, and the constitutionality of a statute will be upheld against such an attack unless the act clearly and undoubtedly violates the constitutional limitation. *Hammerschmidt v. Boone County,* 877 S.W.2d 98, 102 (Mo. banc 1994). The burden of establishing a statute's unconstitutionality rests upon the party questioning it. *State v. Hampton,* 653 S.W.2d 191, 194 (Mo. banc 1983).

 On the issue of the bill's title, section 355.176.4 was originally contained in House Bill No. 1095 of the 87th General Assembly. *1994 Mo. Laws 854, 869.* The title to the bill notes the repeal of virtually all sections of chapter 355, states that the bill relates to "general not for profit corporations, and reinstatement of other corporations," and contains only one section not contained in chapter 355.[1] Those reading the title to House Bill 1095 would recognize that the bill purports to substantially revise chapter 355, which relates to not-for-profit corporations. Under these circumstances, the title indicates the general contents of the act, is not so obscure and amorphous as to tend to cover up the contents of the act, and is valid. *Fust v. Attorney General for the State of Mo.,* 947 S.W.2d 424, 429 (Mo. banc 1997).

 On the issue of multiple subjects, *Stroh Brewery Co. v. State,* 954 S.W.2d 323, 327 (Mo. banc 1997) (citations omitted), sets out the relevant criteria:

The test to determine if a bill contains more than one subject is whether all provisions of the bill fairly relate to the same subject, have a natural connection therewith or are incidents or means to accomplish its purpose. The determination of whether a bill violates the article III, section 23 single subject requirement is made concerning the bill as it is finally passed. We look first to the title of the bill to determine its subject.

The proper venue in which to bring an action against a not-for-profit corporation fairly relates to the subject of "general not for profit corporations" and has a natural connection therewith. At the least, the bill does not "clearly and undoubtedly" violate the constitution.

Under *SSM,* venue is not proper in St. Louis city. A peremptory writ of prohibition is issued to the Circuit Court of the City of St. Louis to take no further action in the underlying case other than transferring the case to a county of proper venue. *Section 476.410, RSMo 2000.*

LIMBAUGH, C.J., WOLFF, BENTON, LAURA DENVIR STITH and PRICE, JJ., concur; TEITELMAN, J., dissents in separate opinion filed; WHITE, J., concurs in opinion of TEITELMAN, J.

RICHARD B. TEITELMAN, Judge, dissenting.

I respectfully dissent. In *State ex rel. SSM Health Care St. Louis v. Neill,* 78 S.W.3d 140 (Mo. banc 2002), this Court held that section 355.176.4 provides the exclusive venues for suit against nonprofit corporations, even if an individual defendant is involved. I would overrule *Neill* and hold that section 355.176.4, like section 508.040, does not apply if the case involves individual defendants.

Under section 508.040, venue in a suit against a corporation *"shall* be commenced *either* where the cause of action accrued

---

1. The only section not contained in chapter 355 is section 407.469, RSMo 1986, which requires charitable organizations to disclose the costs of fund raising and marketing expenses.

... *or* in any county where such corporations have or usually keep an office or agent for the transaction of their usual and customary business." The word "shall" mandates that venue in suits against corporations is limited to two possible locations. However, Missouri courts have long held that section 508.040 does not provide the exclusive list of possible venues for suits against corporations. The statute applies only if all defendants are corporations. *State ex rel. Baker v. Goodman*, 364 Mo. 1202, 274 S.W.2d 293 (banc 1954); *Futrell v. Luhr Bros., Inc.*, 916 S.W.2d 348, 352[2] (Mo.App.1996). If an individual defendant is joined in a suit against a corporation, venue is determined under the general venue statute, section 508.010. *State ex rel. Dick Proctor Imports, Inc. v. Gaertner*, 671 S.W.2d 273, 274 (Mo. banc 1984). Similarly, section 355.176.4 provides that suit against a nonprofit corporation *"shall* be commenced *only* in one of" three locations. In *Neill*, this Court focused on the word "only" to hold that the statute expressly provides the exclusive list of venues for suits involving a nonprofit corporation. The Court's focus on the word "only" was misplaced.

Analytically, section 508.040 and section 355.176.4 are identical. Both statutes use the word "shall" to mandate that venue is limited to a set of specified locations. The sole difference is that section 508.040 limits the range of possible venues through an "either/or" proposition, whereas section 355.176.4 limits venue through use of the word "only." The word choice is different, but the effect is the same: the word "shall" expressly limits venue to specified locations. Consequently, there is nothing in the plain language of section 355.176.4 or section 508.040 that requires, or even permits, the statutes to be construed in the fundamentally inconsistent manner adopted by this Court in *Neill*. Just as section 508.040 does not apply if a suit against a corporation involves an individual defendant, section 355.176.4 does not apply if a suit against a nonprofit corporation involves an individual defendant. Consistency permits no other interpretation. To hold otherwise, as in *Neill*, is to ignore the plain language of the statutes and make a policy choice that is beyond the purview of this Court.

I would overrule *State ex rel. SSM Health Care St. Louis v. Neill*, 78 S.W.3d 140 (Mo. banc 2002).